IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PRESIDENTS' ALLIANCE ON HIGHER EDUCATION AND IMMIGRATION,** Student Doe 1, Student Doe 2, Student Doe 3, Student Doe 4, Student Doe 5,<br><br>**Plaintiffs,**<br><br>v.<br><br>**PAM BONDI, et al.,**<br><br>**Defendants.** | **MOTION TO PROCEED UNDER PSEUDONYMS**<br><br><br><br><br><br>Case No.: |

## MOTION TO PROCEED UNDER PSEUDONYMS

Plaintiffs, the Presidents' Alliance on Higher Education and Immigration and Students Doe 1–5, through their undersigned attorneys, submit this Motion to Proceed Under Pseudonyms ("Motion"). Plaintiffs, students at colleges and universities located in Massachusetts, file this Motion to proceed under fictitious names in their Complaint and all other filings in order to maintain and protect their safety, privacy, and reputational interests as they seek redress against Defendants' unlawful termination of their SEVIS records. Plaintiffs seek protection from public harassment and injury due to their immigration statuses and involvement in this case. Further, some Plaintiffs have a history of arrests and criminal charges, though none have been convicted of a crime. The fact of an arrest, charge, or traffic infraction in a Plaintiff's history is relevant to the present proceedings, but this litigation does not seek to address or dispute any aspect of Plaintiffs' records. The inclusion of Plaintiffs' names in the Complaint and court filings would result in the public association of their names with crimes for which they were not convicted, causing embarrassment and reputational harm with no countervailing public interest in making

this information public. Defendants will not be prejudiced in any way by Plaintiffs' use of these pseudonyms for the filings in the case. This lawsuit only seeks to prevent the unnecessary release of identifying information to the public and Plaintiffs will provide the necessary identity information to Defendants in order to effectuate the relief requested.

## I. FACTUAL BACKGROUND

Plaintiff, the Presidents' Alliance on Higher Education and Immigration (Presidents' Alliance), a sponsored partner project of the National Center for Civic Innovation, is a nonpartisan association of American college and university leaders and their institutions across the United States. Student Does 1-5, are international students residing in Massachusetts and physically present in the United States pursuant to lawfully issued F-1 student visas. Plaintiffs are both undergraduate and graduate students at colleges and universities located in Massachusetts. Some are just weeks away from graduation. Some Plaintiffs were also beneficiaries of Optional Practical Training ("OPT"), a period during which F-1 students may lawfully work in a position related to their degree. At no time during their studies have Plaintiffs been unlawfully employed or otherwise violated the terms of their F-1 student visas.

All Plaintiffs have been advised by their Designated School Officials ("DSOs") that their SEVIS records were terminated by the Department of Homeland Security ("DHS"; "Defendants"). As a result, Plaintiffs may no longer be in lawful immigration status and may be accumulating unlawful presence in the country. Defendants' unlawful termination of Plaintiffs' SEVIS records forms the basis for the present litigation.

## II. ARGUMENT

The Federal Rules of Civil Procedure state that "the title of the complaint must name all the parties" and "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a) & 17(a)(1). Although identifying the parties to a proceeding is an "important dimension of publicness," "[e]xceptional cases" warrant exceptions to this general rule. *See Doe v. Mass. Inst. Tech.*, 46 F.4th 61, 70 (1st Cir. 2022) (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *Does 1-3 v. Mills*, 39 F.4th 20, 24 (1st Cir. 2022)).

The First Circuit has eschewed "sharp, categorical exceptions to the strong presumption against pseudonymity in civil litigation," holding instead that "because the problem is complex and the cases are not all cut from the same cloth, some effort to balance a gallimaufry of relevant factors is inevitable . . . the appropriate test must center on the totality of the circumstances." *See Doe v. Mass. Inst. Tech.*, 46 F.4th at 70 (citation omitted). As a result, district courts in the First Circuit "enjoy broad discretion to identify the relevant circumstances in each case and to strike the appropriate balance between the public and private interests." *Id.* However, one "general category" that "fit[s] the bill" for permitting pseudonymity is "a Doe who reasonably fears that coming out of the shadows will cause him unusually severe harm." *Id.* "Unusually severe harm" may be physical or psychological harm. *See id.* (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (listing, as factor favoring anonymity, "whether identification poses a risk of retaliatory physical or mental harm")). "Severe harm" may also include deportation, arrest, and imprisonment resulting from identification in a civil complaint. *See id.* (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1071 (9th Cir. 2000) (allowing use of pseudonym for plaintiffs who "fear[ed] extraordinary retaliation, such as deportation, arrest, and imprisonment")).

Another paradigm that "fits the bill" involves cases "in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated." *Id.* (citing *Doe v. Megless*, 654 F.3d 404, 410 (3d Cir. 2011) (emphasizing need to ascertain whether "other similarly situated litigants [will] be deterred from litigating claims that the public would like to have litigated")).

Here, Plaintiffs' specific circumstances and the unique nature of their claim, a claim currently being litigated in district courts nationwide by hundreds of other international students, demonstrate a clear need for anonymity for their safety and emotional health. Permitting Plaintiffs to proceed anonymously would also "forestall a chilling effect" on the countless international students currently considering whether to file the same claim in defense of their lawful status in the country. Defendants can identify no legitimate interest requiring Plaintiffs to disclose their identity at this time.

### A.  Plaintiffs Have Demonstrated Their Need to Proceed Using a Pseudonym.

#### 1. Plaintiffs are Likely to Encounter Substantial Harm Absent Anonymity.

To proceed with this litigation, Plaintiffs are required to disclose highly sensitive and personal information. For all Plaintiffs, this includes, at minimum, their immigration status. For those Plaintiffs with records of arrests and dismissed criminal charges, this would also include their association with these non-convictions.

First, being publicly identified with dismissed criminal charges would be both unnecessary and highly embarrassing to Plaintiffs, as well as potentially damaging to their reputations. *See Adv. Textile*, 214 F.3d at 1067-68 (allowing parties to use pseudonyms where "nondisclosure of the party's identity is 'necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" (quoting *United States v. Doe*, 655 F.2d 920, 922

n.1 (9th Cir. 1981))). These charges are not the subject of the present litigation and are not litigated or disputed therein. Use of pseudonyms to discuss these charges in generalities would in no way "frustrate[] [public] oversight of judicial performance" or otherwise unduly deprive the public of information. *See Doe v. Mass. Inst. Tech.*, 46 F.4th at 68.

Further, Plaintiffs would also likely endure significant emotional harm from media exposure resulting from this case. Plaintiffs are generally young students who are unaccustomed to the public eye. Many report having already endured significant distress and fear when deciding whether to file the present claim. Defendants' unlawful termination of international students' SEVIS records has also attracted local, national, and international attention.[1] As a result, Plaintiffs' distress would be significantly heightened if they were forced to proceed using their real identities.

Plaintiffs are also at immediate risk of public harassment and injury, along with potential vigilante justice committed by community members possessing anti-immigrant sentiments.[2] *See Sealed Plaintiff*, 537 F.3d at 189**.** Plaintiffs are at clear risk of danger to their physical safety and emotional health if they are identified. This danger is a result of the highly publicized, and highly

---

[1] *See, e.g., See* WBUR News, *MIT student sues federal government over termination of her international student record | WBUR News* (April 15, 2025), https://www.wbur.org/news/2025/04/15/mit-international-student-lawsuit-termination-status; Zach Montegue, *Lawsuit Aims to Broadly Halt Deportations of Foreign Students*, New York Times (April 19, 2025), https://www.nytimes.com/2025/04/07/us/student-visas-revoked-trump-administration.html (describing New Hampshire class action lawsuit regarding SEVIS record terminations); Times of India, *133 Students, Majority Indians, Get Their SEVIS Records Restored: What is this Record? Why is this Crucial to Stay in US?* (last updated April 24, 2025), https://timesofindia.indiatimes.com/world/us/133-students-majority-indians-get-their-sevis-records-restored-what-is-this-record-why-is-this-crucial-to-stay-in-us/articleshow/120588396.cms.

[2] *See, e.g.,* California Attorney General's Office, *In Preparation for New Threats to California's Immigrant Communities, Attorney General Bonta Issues Package of Guidance Advising Law Enforcement, Prosecutors, and Defense Counsel on State Law* (January 17, 2025), https://oag.ca.gov/news/press-releases/preparation-new-threats-california%E2%80%99s-immigrant-communities-attorney-general ("The Attorney General also released updated guidance and resources on hate crimes for law enforcement, prosecutors, and the victims of these crimes in preparation for a potential increase in violence against immigrants as a result of the President-elect's xenophobic rhetoric[.]")*;* April Xu, *Hate Crimes Against Migrants Surge in Manhattan Last Year, Even as Overall Numbers Fall* (March 14, 2025), https://documentedny.com/2025/03/14/hate-crime-new-york-manhattan-immigrants-latino-black/ (describing and documenting a growing number of anti-immigrant hate crimes prosecuted by the Manhattan District Attorney's Office)

politicized, nature of litigation involving the immigration status of a plaintiff or petitioner. Further, Defendants have recently failed to safeguard the home address of the wife of a named plaintiff in highly visible immigration litigation, forcing her to flee her home to avoid the imminent danger of an attack by a member of the public.[3] As a result of these heightened risks, this Court should allow Plaintiffs to proceed using a pseudonym.

### 2. Anonymity is Necessary to Forestall a Chilling Effect on Similarly Situated Litigants.

As of April 23, 2025, over 1,700 students have had their SEVIS records unlawfully terminated by Defendants.[4] Hundreds have filed litigation similar to the present claim, seeking identical relief: the restoration of their SEVIS records and lawful immigration status.[5] Many of these litigants, facing the same safety and reputational concerns as Plaintiffs, have been permitted to proceed pseudonymously to protect their reputation and safety.[6] As more students seek to join this litigation, whether individually or in class-action lawsuits, their decisions will be made based on the protection afforded by anonymity. This guarantee of anonymity by other Courts has already prevented a "chilling effect," which has in turn encouraged further litigation of a subject of nationwide interest. *See id.* (citing *Doe v. Megless*, 654 F.3d at 410 (emphasizing need to ascertain whether "other similarly situated litigants [will] be deterred from litigating claims that the public would like to have litigated")). Accordingly, ensuring anonymity for

---

[3] *See* Alex Woodward, *Wife of wrongly deported Maryland man Kilmar Abrego Garcia forced into safe house after government posts address online*, https://www.the-independent.com/news/world/americas/us-politics/kilmar-abrego-garcia-wife-safe-house-b2738214.html (last accessed April 24, 2025).

[4] *See* Ashley Mowreader, Where Students Have Had Their Visas Revoked, INSIDE HIGHER ED (last updated April 23, 2025 at 9:00 AM), https://www.insidehighered.com/news/global/international-students-us/2025/04/07/where-students-have-had-their-visas-revoked (showing 1,735 student visa revocations and SEVIS terminations as of 9:00 AM on Tuesday, April 23, 2025).

[5] *See, e.g.*, ACLU, *Temporary Restraining Order Granted in Student Visa Revocation Case Doe. v. Bondi*, https://www.acluga.org/en/press-releases/temporary-restraining-order-granted-student-visa-revocation-case-doe-v-bondi (granting a TRO ordering the restoration of SEVIS records for 133 plaintiffs).

[6] *See id.* (listing as plaintiffs "Jane Doe 1, et al."); Order, Case No. 2:25-cv-01103 at *6 (E.D. Cal. Apr. 17, 2025) (ordering use of a pseudonym and protective order for Student Doe in case addressing SEVIS termination).

Plaintiffs is necessary to preclude an immediate chilling effect on others who wish to proceed with their identical claims.

### B. No Factors Weigh Against Protecting Plaintiffs' Identity at this Juncture.

In determining whether a Plaintiff may proceed anonymously, District Courts should "strike the appropriate balance between the public and private interests." *Doe v. Mass. Inst. of Tech.*, 46 F.4th at 70. Defendant cannot assert any legitimate interest in publicizing Plaintiffs' identities at this juncture of the litigation, because there is no unfairness or prejudice to the United States Government from allowing Plaintiffs to proceed anonymously. First, and crucially, Defendants will be made aware of Plaintiffs' identities in order to restore any SEVIS record pursuant to an order of this Court. All that Plaintiffs seek is to avoid personal identifying information being placed in the public record.

Second, Defendants are not prejudiced by allowing Plaintiffs to press their claim anonymously. With this motion, Plaintiffs do not seek "to impair [Defendants'] ability to defend [themselves], to delay the litigation or to increase the costs to defendant." *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 469 (E.D. Pa. 1997). If any unforeseen prejudice to Defendants arises, any such prejudice can be re-weighed against Plaintiffs' interests in proceeding under pseudonyms and, if the Court deems appropriate, by ordering disclosure of Plaintiffs' names at that time. *See Doe v. Mass. Inst. of Tech.*, 46 F.4th at 73 (noting that an order granting pseudonymity can be "periodically reevaluated if and when circumstances change.").

### III. CONCLUSION

For all the reasons stated, Plaintiffs respectfully request that the Court grant leave to proceed under the pseudonyms "Student Doe", and request all public filings and references to Plaintiffs in this litigation, including in exhibits, use these pseudonyms.

Respectfully submitted for the Plaintiffs,

*/S/ Kerry E. Doyle*
Kerry E. Doyle, Esq.
MA Bar No. 565648
Attorney for Plaintiffs
Green & Spiegel, LLC
1524 Delancey Street, Floor 4
Philadelphia, PA 19102
Phone: (215) 395-8959
Fax: (215) 330-5311
kdoyle@gands-us.com

*/S/ Stephen J. Antwine*
Stephen J. Antwine, Esq.
PA Bar No. 309379
Attorney for Plaintiffs *(Pro Hac Vice Pending)*
Green & Spiegel, LLC
1524 Delancey Street, Suite 4
Philadelphia, Pennsylvania 19101
Phone: (215) 395-8959
Fax: (215) 330-5311
santwine@gands-us.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2025, I electronically filed the foregoing **MOTION TO PROCEED UNDER PSEUDONYM** with the Clerk of the Court using the CM/ECF system, and that in accordance with Fed. R. Civ. P. 5, all counsel of record shall be served electronically through such filing.

    Respectfully submitted,

    */S/ Kerry E. Doyle*
    Kerry E. Doyle, Esq.
    MA Bar No. 565648
    Attorney for Plaintiffs
    Green & Spiegel, LLC
    1524 Delancey Street, Floor 4
    Philadelphia, PA 19102
    Phone: (215) 395-8959
    Fax: (215) 330-5311
    kdoyle@gands-us.com