**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

PRESIDENTS' ALLIANCE ON HIGHER
EDUCATION AND IMMIGRATION, *et al.*,

          Plaintiffs,

    vs.

KRISTI NOEM, *in her official capacity as*
*Secretary of Homeland Security et al.*,

          Defendants.

Civil Action No. 1:25-cv-11109-PBS

Leave to File Reply Brief Granted on
September 24, 2025

## <u>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS</u>

Defendants submit this reply brief in support of their Motion to Dismiss, ECF No. 30 ("Defs.' Mot."). Plaintiffs submitted an opposition, *see* Plaintiffs' Opposition to Defendants' Motion to Dismiss, ECF No. 32 ("Pls.' Opp."), and Defendants provide the following points in reply:

1.      Plaintiffs do not possess organizational standing. Plaintiffs contend that they "were forced to suddenly divert resources from their ordinary projects and business goals to counteract Defendants' actions in March 2025," Pls.' Opp. at 5, yet do not adequately address Defendants' point that this claimed "diversion" is simply an example of each organization carrying out its mission. Defs.' Mot. at 10. Plaintiffs' Opposition merely reiterates the claims made in their Amended Complaint regarding the resources expended to address the actions of which they complain. Plaintiffs allege that "the uncertainty caused by Defendants' actions has required Plaintiffs to respond to a surge of requests for help, which can itself be an injury where the surge is overwhelming and impacts a business's ability to adequately address all requests," yet plead no facts to establish that this surge did, in fact, overwhelm their business operations and their ability

1

to carry out their mission, Pls.' Opp. at 6, when their mission is "to address immigration issues impacting students, campuses, and communities." Am. Compl. ¶ 5. In the same breath, Plaintiffs allege that they have been harmed due to a *decreased* need for their services. Pls.' Opp. at 6. Moreover, Plaintiffs still cannot point to any ongoing injuries in light of the change in course by the government, and the Amended Complaint is devoid of a factual basis to the contrary. *See* Defs.' Mot. at 11.

Moreover, Plaintiffs allege that their claims differ from those rejected by the Supreme Court in *FDA v. All. for Hippocratic Med.*, 602 U.S. 367 (2024) because those organizations possessed only a "mere institutional interest in opposing the FDA's actions." Pls.' Opp. at 7. But the medical associations based their standing claim not only on their institutional interest but also on the fact that they incurred costs to oppose the challenged conduct, which in turn impeded their ability to provide services and achieve their organizational missions. *Alliance*, 602 U.S. at 394. The same is true of Plaintiffs here. Plaintiffs insist that they have established injury in fact because their mission has been frustrated where "Defendants' conduct directly interfered with Plaintiffs' ability to carry out their preexisting mission, forcing Plaintiffs to spend money to continue serving its members." Pls.' Opp. at 7. The Supreme Court rejected this theory of standing in *Alliance*, 602 U.S. at 394, and this Court should follow suit.

2.      Plaintiffs have not sufficiently pled an injury in fact in order to demonstrate associational standing. Plaintiffs argue that they identified all of their member institutions by citing to their websites that contain member lists in footnotes in their Amended Complaint. *See* Pls.' Opp. at 12 (citing Am. Compl. ¶ 5, n.1, *id.* ¶ 6, n.2). However, "[i]t is a long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings … but rather must affirmatively appear in the record." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)

2

(internal citations and quotation marks omitted).  Here, Plaintiffs merely allege generalized harm on behalf of all of their unnamed members and do not plead particularized facts with respect to any one member. *See* Am. Compl. ¶ 59. For purposes of associational standing, "[o]rganizations are obligated to allege facts sufficient to establish that one or more of [their] members has suffered, or is threatened with, an injury." *American Immigration Lawyers Ass'n v. Reno*, 18 F. Supp. 2d 38, 50 (D. D.C. 1998) (internal citations and quotation marks omitted).  "This obligation extends to identifying the member or members of plaintiff organizations that have, or will suffer, harm." *Id.*  Plaintiffs have not met their burden to do so here where they failed to identify facts demonstrating injury to any one member.

Plaintiffs rely on *Draper v. Healey*, 827 F.3d 1 (1st Cir. 2016) in support of their argument. Pls.' Opp. at 12.  But in *Draper*, as is the case here, the organization asserting associational standing did not identify a single member affected by the challenged regulation in their complaint. 827 F.3d at 3.  The First Circuit confirmed that "where standing is at issue, heightened specificity is obligatory at the pleading stage." *Id.* (quoting *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992)).  And while Plaintiffs point to an unpublished decision in the District Court for the District of Columbia where a link to a website containing a member list was found to be sufficient to demonstrate associational standing, Pls.' Opp. at 12, Plaintiffs provide no support for this proposition in this District or in the First Circuit.  Rather, in *Equal Means Equal v. Ferriero*, the court found the plaintiff's failure to plead facts surrounding its members "fatal" to its standing argument and even considered the identification of two members in Plaintiffs' opposition for purposes of standing, but ultimately concluded that neither member alleged a cognizable injury sufficient to salvage their standing argument.  478 F. Supp. 3d 105, 120 (D. Mass. 2020).  The same is true here (yet Plaintiffs still do not identify affected member institutions).  Plaintiffs' claim

3

that their unnamed members are suffering generalized injuries is not supported by facts in the Amended Complaint and is insufficient to confer standing.

3.      Nor does Plaintiff's Opposition establish that the purported injury is redressable. Plaintiffs allege "that the *absence* of SEVIS terminations would bring back some students."  Pls.' Opp. at 13.  However, there has been an absence of SEVIS terminations since early May, and Plaintiffs plead no facts to demonstrate that this has brought back students.  Accordingly, their redressability argument is simply too attenuated.  *See Simon v. E. Kentucky Welfare Rts. Org.*, 426 U.S. 26, 44 (1976) ("unadorned speculation will not suffice to invoke the federal judicial power").

4.      Plaintiffs contend that the voluntary cessation doctrine precludes a finding that their claims are moot. Pls.' Opp. 16-17.  This argument misses the mark.  First, the challenged conduct ceased by May 6, 2025, and has not recurred.  *See* Watson Decl. ¶¶4-5; Baldwin Decl. ¶ 12-15. Plaintiffs do not allege it has recurred, only that it *might*, which is insufficient to demonstrate that the actions are reasonably expected to recur.  *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 96 (2013).  Second, the challenged conduct is not likely to recur.  The Baldwin declaration states that ICE will not repeat SEVIS terminations based on the same NCIC hits.  Baldwin Decl. ¶ 11. Consistent with that declaration, ICE has entered into numerous stipulations of dismissal throughout the country stating that it will not re-terminate SEVIS records.  Third, although Plaintiffs criticize the reliability of these declarations, they have no basis to do so.  The declarations are made pursuant to 28 U.S.C. § 1746 and are thus admissible evidence.  *See Rodríguez-Severino v. UTC Aero. Sys.*, 52 F.4th 448, 458 (1st Cir. 2022).  Those representations are especially reliable because they are made by the government.  *See Berge*, 107 F.4th at 45; *see also Freedom from Religion Found., Inc. v. Concord Cmty. Sch.*, 885 F.3d 1038, 1051 (7th Cir. 2018).  Thus, Plaintiffs' claims that the conduct will recur are purely speculative and insufficient to overcome

mootness. *Already, LLC*, 568 U.S. at 96.

Plaintiffs also allege that the reactivation of SEVIS records was made in the context of litigation and does not moot the case. Pls.' Opp. at 16 n.8. That too is incorrect because ICE reactivated the SEVIS records across the board, regardless of whether the students were involved in pending litigation. *See* Watson Decl. ¶ 4-5; Baldwin Decl. ¶ 12-14.

In their opposition, Plaintiffs contend that numerous courts have found that a SEVIS record is the same as F-1 student status and that termination of a SEVIS record is a final agency action. Pls.' Opp. at 17-18, 19-20. Setting aside the inaccuracy of such findings, in each of those cases cited by the Plaintiffs, the courts found a likelihood of success on the merits of the claims, based on the undeveloped record before the courts in the context of a preliminary injunction. It is black letter law that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). That is because "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Id.* Defendants' arguments in their Motion to Dismiss to the contrary are not "some rationale supplied after the fact by litigation counsel," Pls.' Opp. at 18, but are based on the facts and law.

5.    Plaintiffs attempt to avoid the statutory bar on review of visa revocation decisions by claiming they challenge a policy, not the decision itself. That is also wrong. First, Plaintiffs do not cite any specific policy that is challenged and, in fact, admit there is no policy. *See* Pls.' Opp. at 20 ("Nor does any regulation or guidance enacted pursuant to 8 U.S.C. § 1201(i) discuss policies of visa revocations or the policies underlying visa revocations."). Thus, the caselaw Plaintiffs cite authorizing challenges to policies is inapposite. Second, it is absurd to conclude that Congress would commit visa revocation decisions to the discretion of the Secretary of State and

5

statutorily prohibit review of such decisions, yet would allow review of those very same decisions by way of an alleged unidentified policy. *See Dubey v. Dep't of Homeland Sec.*, --- F.4th ---, 2025 WL 2740703 at *1 (7th Cir. Sept. 26, 2025).

6.    Plaintiffs allege the SEVIS termination policy is a final agency action because it affected legal rights through SEVIS record terminations. Pls.' Opp. at 19-20. However, not every interim agency action or finding is a final agency action. Indeed, the Seventh Circuit recently explained that a visa revocation is a final agency action (though statutorily unreviewable), but an inadmissibility finding entered in a record by DHS, which subsequently led to a visa revocation, was not. *Dubey*, 2025 WL 2740703 at *2. The same is true here where DHS's administration of the SEVIS database through temporary termination of records did not mark the consummation of any decision-making process. And as discussed in Defendants' Motion, the record-keeping functions associated with the SEVIS database do not trigger legal consequences, such as the termination of a student's F-1 status. Defs.' Mot. at 25-26; *see also* Baldwin Decl. ¶ .9 ("Terminating a record in SEVIS does not terminate an alien's nonimmigrant status in the United States. Under the SCAI, SEVP did not terminate the nonimmigrant status of any alien by terminating the SEVIS record.").

For the foregoing reasons, and for the reasons set forth in Defendants' Motion, Defendants request that this Court dismiss the Amended Complaint in its entirety without leave to amend.

Dated: October 1, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDRA MCTAGUE SCHULTE
Senior Litigation Counsel

By: */s/ Alessandra Faso*
ALESSANDRA FASO
IL Bar No. 6326883
Acting Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
General Litigation & Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 405-7728
Fax: (202) 305-7000
e-mail: alessandra.faso@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

By: */s/ Alessandra Faso*
ALESSANDRA FASO
Acting Assistant Director
United States Department of Justice
Civil Division