**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PRESIDENTS' ALLIANCE ON HIGHER EDUCATION AND IMMIGRATION *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, *in her official capacity as Secretary of Homeland Security et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-11109-PBS<br><br>**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendants, by their undersigned counsel, hereby answer Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief, upon information and belief, as follows. All allegations in the First Amended Complaint are denied unless specifically admitted herein.

**INTRODUCTION[1]**

1.    Paragraph 1 consists of Plaintiffs' characterizations of the nation's history with foreign students and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore deny.

2.    Paragraph 2 consists of Plaintiffs' characterization of their claims and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants answer as follows: Defendants deny the first, second, and third sentences. Defendants only admit that Plaintiffs filed this action and deny any remaining allegations in sentence four.

---

[1] Defendants reproduce the text of certain headings and subheadings from the First Amendment Complaint for purposes of reference only. To the extent that any heading or subheading contains allegations of fact or assertions of law, Defendants deny them.

**JURISDICTION AND VENUE**

3.      The allegations in this paragraph constitute conclusions of law to which no response is required. Defendants maintain that Plaintiffs lack jurisdiction. Defendants preserve all previously raised challenges to the Court's jurisdiction.

4.      The allegations in this paragraph constitute conclusions of law to which no response is required. Defendants, however, do not contest venue.

**PARTIES**

5.      Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore deny. Defendants continue to contest that the organization has standing.

6.      Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph and therefore deny. Defendants continue to contest that the organization has standing.

7.      Plaintiff Student Doe 4 was voluntarily dismissed from this case on August 4, 2025. As such, no response is required.

8.      Defendants admit that Kristi Noem served as the U.S. Secretary of Homeland Security ("DHS") at the time of the First Amended Complaint's filing. As of the date of this filing, Markwayne Mullin now serves as DHS Secretary. Defendants admit the remaining allegations in this paragraph.

9.      Defendants admit that Todd Lyons serves as the U.S. Immigration and Customs Enforcement's ("ICE") Senior Official Performing the Duties of the Director. Defendants deny the characterization that "ICE is responsible for the termination of SEVIS records." As to the remaining allegations, Defendants admit them.

10.     Admit.

11.     Admit.

12.     Admit.

## FACTUAL BACKGROUND

13.     Paragraph 13 consists of Plaintiffs' characterizations of the nation's history with foreign students and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

14.     Paragraph 14 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

15.     Paragraph 15 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

16.     Paragraph 16 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. This paragraph also cites two articles. The Court respectfully is referred to the articles for complete and accurate statements of their contents, which speak for themselves. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

17.     Paragraph 17 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient

information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

18.    Paragraph 18 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

19.    Paragraph 19 consists of Plaintiffs' characterizations of the F-1 visa application and admission process for foreign students and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

20.    Paragraph 20 consists of Plaintiffs' characterizations of the Student and Exchange Visitor Information System ("SEVIS") and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

21.    Paragraph 21 consists of Plaintiffs' characterizations of SEVIS and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

22.    Paragraph 22 consists of Plaintiffs' characterizations of SEVIS, conclusions of law, and a string citation to legal authorities. No response is required. The legal authorities speak for themselves. To the extent a response is deemed required, Defendants deny this entire paragraph.

23.    Paragraph 23 consists of Plaintiffs' characterizations of a regulation and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

24.     Paragraph 24 consists of Plaintiffs' characterizations of a regulation and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

25.     Paragraph 25 consists of Plaintiffs' characterizations of regulations, conclusions of law, and cites case law (which speaks for itself), to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

26.     Paragraph 26 consists of Plaintiffs' characterizations of a regulation and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

27.     Paragraph 27 consists of Plaintiffs' characterizations of a regulation and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

28.     Paragraph 28 consists of Plaintiffs' characterizations of regulations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

29.     Paragraph 29 consists of Plaintiffs' characterizations of visa revocations, conclusions of law and cites government documents (which speak for themselves), to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

30.     Paragraph 30 consists of Plaintiffs' characterizations of SEVIS record terminations, conclusions of law, citation to case law and an article (which speak for themselves), to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

31.     Paragraph 31 consists of Plaintiffs' characterizations of events giving rise to this litigation, conclusions of law, and citation to case law (which speaks for itself), to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

32.     Paragraph 32 consists of Plaintiffs' characterizations of events giving rise to this litigation and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

33.     Paragraph 33 consists of Plaintiffs' characterizations of events giving rise to this litigation and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

## CHALLENGED POLICIES

34.     Paragraph 34 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

35.     Paragraph 35 consists of Plaintiffs' characterizations of events giving rise to this litigation and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

36.     Defendants deny the characterization that DHS had the State Department revoke visas to "establish a pretextual basis to then terminate students' SEVIS status." Defendants deny the remaining allegations in this paragraph.

37.     This paragraph contains Plaintiffs' characterization of their claims and legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that DHS did not notify either individual students or their schools about visa revocations. Defendants deny all other remaining allegations.

38.    Paragraph 38 consists of Plaintiffs' characterizations of SEVIS record terminations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that ICE terminated numerous SEVIS records in March and/or April 2025, and Defendants lack sufficient information or knowledge on which to admit or deny the remaining allegations in this paragraph, and therefore deny them.

39.    Paragraph 39 consists of Plaintiffs' characterizations of SEVIS record terminations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

40.    Paragraph 40 consists of Plaintiffs' characterizations of events giving rise to this litigation and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit to updating notations in SEVIS and updating communication regarding notations on the Study in the States ("SITS") website.

41.    Defendants deny the first sentence. The remaining allegations in Paragraph 41 consist of Plaintiffs' characterizations of SEVIS record terminations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

42.    Paragraph 42 consists of Plaintiffs' characterizations of SEVIS record terminations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

43.    Paragraph 43 consists of Plaintiffs' characterizations of SEVIS record terminations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

44.     Defendants admit that ICE reactivated SEVIS records for numerous students who met certain parameters in or around April and/or May 2025. The remaining allegations in the first sentence of Paragraph 44 consist of Plaintiffs' characterizations of SEVIS record terminations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

45.     Defendants admit that ICE emailed an internal broadcast message to Student and Exchange Visitor Program ("SEVP") federal personnel on April 26, 2025, with the subject line "SEVIS Notice – Policy Regarding Termination of Records." Defendants admit that the email was not published in the Federal Register or underwent any notice and comment period. The remaining allegations in Paragraph 45 consist of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations.

46.     Paragraph 46 consists of Plaintiffs' characterizations of events giving rise to this litigation and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

47.     Paragraph 47 constitutes characterizations of Plaintiffs' claims, or Plaintiffs' theory of the case, to which no response is required. Defendants admit that DHS takes the position that only student visa revocations effective immediately make an alien student removable pursuant to 8 U.S.C. § 1182(a)(1)(B).

48.     On March 20, 2026, this Court dismissed Count V of Plaintiffs' First Amended Complaint, and thus, the claim is no longer before the Court. As such, a response is not required.

49.     On March 20, 2026, this Court dismissed Count V of Plaintiffs' First Amended Complaint, and thus, the claim is no longer before the Court. As such, a response is not required.

8

50.    On March 20, 2026, this Court dismissed Count V of Plaintiffs' First Amended Complaint, and thus, the claim is no longer before the Court. As such, a response is not required.

51.    On March 20, 2026, this Court dismissed Count V of Plaintiffs' First Amended Complaint, and thus, the claim is no longer before the Court. As such, a response is not required.

## HARM CAUSED BY THE CHALLENGED POLICIES

52.    Paragraph 52 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

53.    Paragraph 53 consists of Plaintiffs' characterizations of their alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

54.    Paragraph 54 consists of Plaintiffs' characterizations of their alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

55.    Paragraph 55 consists of Plaintiffs' characterizations of their alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

56.    Paragraph 56 consists of Plaintiffs' characterizations of their alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants

lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

57.     Plaintiff Student Doe 4 was voluntarily dismissed from this case on August 4, 2025. Thus, no response is required to the allegations in this paragraph.

58.     Paragraph 58 consists of Plaintiffs' characterizations of their members' alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

59.     Paragraph 59 consists of Plaintiffs' characterizations of their members' alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

60.     Paragraph 60 consists of Plaintiffs' characterizations of their members' alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

61.     Paragraph 61 consists of Plaintiffs' characterizations of their members' alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

62.     Paragraph 62 consists of Plaintiffs' characterizations of their members' alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required,

Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

63.     Paragraph 63 consists of Plaintiffs' characterizations of their members' alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

64.     Paragraph 64 consists of Plaintiffs' characterizations of their members' alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

65.     Paragraph 65 consists of Plaintiffs' characterizations of their members' alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

66.     Paragraph 66 consists of Plaintiffs' characterizations of their members' alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

67.     Paragraph 67 consists of Plaintiffs' characterizations of their members' alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

68.     Paragraph 68 consists of Plaintiffs' characterizations of their members' alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

69.     Paragraph 69 consists of Plaintiffs' characterizations of their members' alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

70.     Paragraph 70 consists of Plaintiffs' characterizations of their members' alleged harm and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information or knowledge on which to admit or deny the allegations in this paragraph, and therefore deny them.

71.     Paragraph 71 consists of Plaintiffs' characterizations of Defendants' alleged actions and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

**FIRST CAUSE OF ACTION**
*Administrative Procedure Act*
*(Arbitrary and Capricious Visa Revocation Policy)*

72.     Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 71 of the First Amended Complaint.

73.     Defendants deny all allegations in this paragraph.

74. Defendants deny all allegations in this paragraph. The final sentence of this paragraph consists of legal conclusions to which no response is required.

75. Defendants deny all allegations in this paragraph.

76. Defendants deny all allegations in this paragraph.

## SECOND CAUSE OF ACTION
*Administrative Procedure Act*
*(Unlawful SEVIS Termination Policy)*

77. Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 76 of the First Amended Complaint.

78. Paragraph 78 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

79. Deny.

80. Deny.

## THIRD CAUSE OF ACTION
*Administrative Procedure Act*
*(Arbitrary and Capricious SEVIS Termination Policy)*

81. Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 80 of the First Amended Complaint.

82. Paragraph 82 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

83. Paragraph 83 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

84. Paragraph 84 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

85.     Paragraph 85 consists of Plaintiffs' characterizations of their claims and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

86.     Deny.

87.     Deny.

## FOURTH CAUSE OF ACTION
*Administrative Procedure Act*
*(Promulgating a Rule Regarding Bases for SEVIS Termination Without Following Notice-and-Comment Rulemaking Procedures)*

88.     Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 87 of the First Amended Complaint.

89.     Paragraph 89 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

90.     Paragraph 90 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

91.     Paragraph 91 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

92.     Deny.

## FIFTH CAUSE OF ACTION
*Administrative Procedure Act*
*(Arbitrary and Capricious Intimidation Policy for Communication with Students)*

93.     Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 92 of the First Amended Complaint.

94.     The Court dismissed the Fifth Cause of Action on March 20, 2026, such that Defendants are not required to respond to Paragraphs 93-98.

## PLAINTIFFS' PRAYER FOR RELIEF

The unnumbered paragraphs following Paragraph 98 consist of Plaintiffs' requests for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to any form of relief.

## GENERAL DENIAL

Defendants deny every allegation contained in the First Amended Complaint not specifically admitted or otherwise responded to in their Answer. Defendants reserve the right to amend, alter, and supplement this Answer if further facts are developed or if errors in drafting this Answer are discovered.

## AFFIRMATIVE DEFENSES

a.      Defendants deny every allegation of the First Amended Complaint that has not been specifically admitted above.

b.      Plaintiffs have failed to state a claim upon which relief can be granted.

c.      This Court lacks subject matter jurisdiction over all or part of Plaintiffs' claims.

d.      Plaintiffs' claims are moot and therefore nonjusticiable.

e.      Plaintiffs fail to meet the legal standards necessary to obtain the relief sought.

f.      Plaintiffs lack standing to bring their claims.

g.      The First Amended Complaint fails to identify a final agency action subject to judicial review.

h.      Defendants' actions are not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, and are supported by substantial evidence.

i.　　Plaintiffs are not entitled to an award of attorney's fees or costs.

j.　　Defendants may have additional defenses not known at this time which may be discerned through discovery and specifically preserve all other defenses as they are ascertained under Fed. R. Civ. P. 8(c).

WHEREFORE, having fully answered the Complaint, Defendants respectfully request that the Court: (1) dismiss the First Amended Complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: April 3, 2026　　　　　　Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

GLENN GIRDHARRY
Acting Deputy Director
Office of Immigration Litigation

/s/　*Nancy N. Safavi*＿＿＿＿＿
Senior Trial Attorney
TXBN 24042342
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-9875
Nancy.Safavi@usdoj.gov

*Counsel for Defendants*

16

## CERTIFICATE OF SERVICE

I, Nancy N. Safavi, Senior Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

/s/ Nancy Safavi
NANCY N. SAFAVI
Dated: April 3, 2026                            Senior Trial Attorney