**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| PRESIDENTS' ALLIANCE ON HIGHER EDUCATION AND IMMIGRATION and ASSOCIATION OF INDEPENDENT COLLEGES AND UNIVERSITIES IN MASSACHUSETTS, <br><br> *Plaintiffs*, <br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security[1]; TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; the DEPARTMENT OF HOMELAND SECURITY; MARCO RUBIO, in his official capacity as Secretary as Secretary of State; and the DEPARTMENT OF STATE, <br><br> *Defendants*. | Case No. 25-cv-11109-PBS <br><br><br><br> Date: May 14, 2026 |

**JOINT LOCAL RULE 16.1(d) STATEMENT AND PROPOSED PRE-TRIAL SCHEDULE**

Plaintiffs Presidents' Alliance on Higher Education and Immigration and Association of Independent Colleges and Universities in Massachusetts filed their original complaint on April 24, 2025. Dkt. 1. Plaintiffs filed an Amended Complaint on June 27, 2025. Dkt. 14. On August 15, 2025, Defendants (currently, Markwayne Mullin in his official capacity as Secretary of Homeland Security ("DHS"), Todd Lyons in his official capacity as Acting Director of U.S. Immigration Customs and Enforcement ("ICE"), the U.S. Department of

---

[1] Secretary of Homeland Security Markwayne Mullin is automatically substituted for the former officeholder, Kristi Noem, Fed. R. Civ. P. 25(d).

Homeland Security, Marco Rubio in his official capacity as Secretary of State, and the U.S. Department of State ("DOS") moved to dismiss the complaint. Dkt. 29. On March 20, 2026, the Court granted Defendants' motion in part and denied it in part. Dkt. 54. On April 3, 2026, Defendants filed an Answer to Plaintiffs' Amended Complaint. Dkt. 55. On April 9, 2026, the Court noticed a scheduling conference for May 18, 2026. Dkt. 56. On April 27, 2026, counsel for the parties met and conferred as required by Local Rule 16.1(b).

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(d), Plaintiffs and Defendants (collectively, the "Parties"), by and through their undersigned counsel, submit this Joint Rule 26(f) Statement.

## I.    PROPOSED PRE-TRIAL SCHEDULE

The Parties agree upon the following dates and events.

| Event | On or Before: |
|---|---|
| Production of Administrative Record by Defendants | June 11, 2026 |
| Motion for Leave to Take Additional Discovery filed by Plaintiffs (if needed) | July 9, 2026 |
| Close of Written Fact Discovery | November 16, 2026 |
| Deadline to provide notice if either party intends to rely on expert testimony (after which the parties will meet and confer to determine an appropriate schedule) | September 11, 2026 |
| Depositions Completed & Close of Fact Discovery | January 15, 2027 |

| Filing of Rule 56 Motions | February 16, 2027 |
| Rule 56 Motion Opposition | March 18, 2027 |
| Rule 56 Reply | April 1, 2027 |

## II.    **DISCOVERY PLAN**

### a.    **Proposed Changes in Timing, Form or Requirements for Fed. R. Civ. P. 26(a) Disclosures**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i), the Parties are exempt from the exchange of initial disclosures in this action.

### b.    **Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or be Limited to or Focused on Particular Issues**

*Plaintiffs' Statement*

Plaintiffs are unable to determine what additional discovery may be required until Defendants' proposed Certified Administrative Record ("CAR") is produced.  Subject to that reservation, the issues that Plaintiffs expect to explore include but are not limited to: Defendants' process for revoking F-1 visas; Defendants' process for identifying students from whom they revoked F-1 visas; Defendants' process for terminating SEVIS records; Defendants' process for identifying SEVIS records for termination; Defendants' internal and external communication about the termination of visas and SEVIS records; documents, communications, and other information regarding the "Student Criminal Alien Initiative" within DHS; documents, communications, and other information regarding the DOS' Visa Revocation Policy; documents, communications, and other information regarding the issuance of letters to certain individuals regarding their F-1 visas and SEVIS record terminations.

Defendants' position regarding the assertion of privilege over key facts at issue in this case, including "Defendants' process for identifying SEVIS records for termination or Defendants' internal and external communication about the termination of visas and SEVIS records," was disclosed for the first time on date of this filing. Plaintiffs are prepared to evaluate such assertions of privilege when made, but in no way concede that broad claims of privilege over key aspects of Defendants' policies at issue in this litigation are appropriate or justified.

*Defendants' Statement*

Defendants anticipate requiring discovery on whether Plaintiffs and their member organizations and those members have standing and have suffered and continue to suffer an injury in fact.

Defendants do not agree to Plaintiffs' proposed discovery topics.  Defendants propose that discovery must be limited to jurisdictional discovery as contemplated by the Court during the December 8, 2025 hearing.  First, any issue or claim pertaining to DOS would be limited to its CAR.  Second, matters pertaining to DHS and ICE should be limited to whether Defendants' process for terminating SEVIS records still exists. Discovery as to Defendants' process for identifying SEVIS records for termination or Defendants' internal and external communication about the termination of visas and SEVIS records would be privileged either deliberative process, law enforcement privileges and/or attorney client privilege.  Third, documents, communications, and other information regarding DOS' alleged Visa Revocation Policy; documents, communications, and other information regarding the issuance of letters to certain individuals regarding their F-1 visas are not permissible where the Court dismissed Count V of Plaintiffs' Amended Complaint from this action.

The Parties agree that fact discovery should conclude according to the schedule in Section I, above.  With respect to phasing, and pursuant to the schedule in I, above, the Parties agree that all written fact discovery should conclude prior to the commencement of depositions.

**c.  Issues About Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in Which it Should Be Produced**

The Parties intend to file a joint protective order and electronically stored information ("ESI") protocol in this case.  The Parties do not anticipate any issues regarding the disclosure, discovery, or preservation of ESI.

**d.  Issues About Claims of Privilege or Protection of Trial Preparation Materials**

As an initial matter, Defendants do not believe a trial is warranted in this Administrative Procedure Act case.  The Parties have not identified any issues concerning particular privilege claims or protection of trial preparation materials at this time.  The Parties agree that the standard privileges of attorney-client communication, work product, deliberative process, State, law enforcement and general privacy laws may still apply.

**e.  Proposed Changes in the Limitations on Discovery Imposed under the Federal Rules of Civil Procedure or Local Rules**

The Plaintiffs do not request any proposed changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules at this time.  Defendants maintain that the Court should limit any discovery to the question of whether jurisdiction exists as to the claims alleged against DHS and ICE, where the claims regarding DOS are limited to the CAR.  As such, the Court should limit the number of any interrogatories, requests for production and depositions the parties may seek.  Should the Court allow for anything beyond limited,

jurisdictional discovery, Defendants would oppose anything beyond what the Federal Rules of Civil Procedure 30, 33 and 34 permit e.g. 25 interrogatories, etc.

      f.  **Proposed Orders the Court Should Issue Under Fed. R. Civ. P. 26(c) or Under Fed. R. Civ. P. 16(b) and (c).**

The Parties anticipate submitting a joint protective order regarding discovery in this matter.

### III.    TRIAL BY MAGISTRATE

The Parties do not consent to a trial by a magistrate judge in this matter.

### IV.    SETTLEMENT PROPOSALS

Pursuant to Local Rule 16.1(c), Plaintiffs delivered a settlement proposal to Defendants, and the Defendants are evaluating it.

May 14, 2026

               Respectfully Submitted,

*/S/Khaled Alrabe*
Sirine Shebaya (D.C. Bar # 1019748)*
Khaled Alrabe (Cal. Bar # 349899)*
NATIONAL IMMIGRATION PROJECT
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009
Phone: (617) 227-9727
Fax: (617) 227-5495
sirine@nipnlg.org
khaled@nipnlg

Kerry E. Doyle (MA BBO #565648)
Stephen J. Antwine (Pa. Bar # 309379)*
GREEN & SPIEGEL, LLC
1524 Delancey Street, Floor 4
Philadelphia, PA 19102
Phone: (215) 395-8959

Fax: (215) 330-5311
kdoyle@gands-us.com
santwine@gands-us.com

David Zimmer (MA BBO #692715)
Julia Solomon-Strauss (MA BBO pending)*
ZIMMER, CITRON & CLARKE LLP
130 Bishop Allen Dr.
Cambridge, MA 02139
617.676.9421
dzimmer@zimmercitronclarke.com

*Counsel for Plaintiff Presidents' Alliance on Higher Education and Immigration*

*\*Motion for admission pro hac vice granted*

/S/ Nancy N. Safavi
Nancy N. Safavi (TXBN #24042342)
Senior Trial Attorney
Office of Immigration Litigaiton
U.S. Department of Justice
P.O. Box 868 Ben Franklin Station
Washington DC 20044
Phone: (202) 514-9875
Nancy.Safavi@usdoj.gov

Counsel for Defendants

DATED: May 14, 2026

## LOCAL RULE 16.1(d)(3) CERTIFICATION

Counsel for the parties certify that they have conferred with their clients as required by Local Rule 16.1(d)(3). The parties do not believe that alternative dispute resolution would be productive at this time.

/S/ *Khaled Alrabe*
Khaled Alrabe

/S/ *Nancy N. Safavi*
Nancy N. Safavi