**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PRESIDENTS' ALLIANCE ON HIGHER EDUCATION AND IMMIGRATION; and ASSOCIATION OF INDEPENDENT COLLEGES AND UNIVERSITIES IN MASSACHUSETTS<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; the DEPARTMENT OF HOMELAND SECURITY; MARCO RUBIO, in his official capacity as Secretary of State; and the DEPARTMENT OF STATE,<br><br>*Defendants*. | Case No. 25-cv-11109-PBS |

**AFFIDAVIT OF JACOB TUTTLE NEWMAN IN SUPPORT OF PLAINTIFFS' MOTION
<u>FOR LEAVE TO FILE UNDER SEAL</u>**

Pursuant to 28 U.S.C. § 1746, I, Jacob Tuttle Newman, declare as follows:

1.  I am an attorney at Wilmer Cutler Pickering Hale & Dorr LLP.

2.  I certify that I represent Plaintiffs in the above captioned matter.

3.  I submit this affidavit in support of Plaintiffs' Motion for Leave to File Under Seal under Fed. R. Civ. P. 26(c) and J. Saris Standing Procedural Civil Order re: Sealing Court Documents (May 15, 2015).

4.  I certify that the parties negotiated a discovery schedule between April and May 2026 pursuant to Federal Rule of Civil Procedure 26(f), and as part of that schedule, Defendants

agreed to provide the full administrative record for the above-captioned case by June 11, 2026.

5. On June 15, 2026, Defendant Department of State produced documents it represents constitute the entire administrative record.  Department of State served these documents on an Attorneys'-Eyes-Only basis due to confidentiality concerns.  Defendants have also served a privilege log which describes the documents contained in the administrative record.

6.  On July 8, 2026, Plaintiffs' counsel met with counsel for Defendants to discuss the Attorneys'-Eyes-Only designation of the documents.

7. Plaintiffs' counsel conferred in good faith with counsel for Defendants on this issue and Defendants maintain their position that the documents should be filed under seal because they contain confidential information. Plaintiffs therefore seek to file these documents under seal.  Because the Plaintiffs' Memorandum of Law in support of their Motion for Leave to Conduct Limited Discovery to Complete and Supplement the Record contains reference to these claimed confidential documents, Defendants also request that Memorandum be filed under seal. I declare under penalty of perjury that the foregoing is true and correct.

Date: July 9, 2026

/s/ *Jacob Tuttle Newman*
Jacob Tuttle Newman