**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| PRESIDENTS' ALLIANCE ON HIGHER EDUCATION AND IMMIGRATION; and ASSOCIATION OF INDEPENDENT COLLEGES AND UNIVERSITIES IN MASSACHUSETTS<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; the DEPARTMENT OF HOMELAND SECURITY; MARCO RUBIO, in his official capacity as Secretary of State; and the DEPARTMENT OF STATE,<br><br>*Defendants*. | Case No. 25-cv-11109-PBS |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
FOR LEAVE TO CONDUCT LIMITED DISCOVERY TO COMPLETE AND
<u>SUPPLEMENT THE ADMINISTRATIVE RECORD</u>**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES................................................................................................... ii

INTRODUCTION .................................................................................................................1

BACKGROUND ..................................................................................................................3

ARGUMENT ......................................................................................................................4

I.      DEFENDANTS' ADMINISTRATIVE RECORD MUST BE COMPLETED ......................................5

        A.      The Current AR Omits Key Materials ........................................................6

        B.      Defendants' Privilege Log is Insufficient ................................................10

II.     THE RECORD SHOULD BE SUPPLEMENTED WITH ADDITIONAL DISCOVERY .......................11

        A.      The Deficiency of the Record Frustrates Effective Judicial Review
                and Requires Supplementation ................................................................11

        B.      Defendants' Bad Faith and Improper Behavior Warrant
                Supplementation ......................................................................................14

CONCLUSION...................................................................................................................15

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Alliance for Retired Americans v. Bessent*, No. 25-0313, 2025 WL 1114350
(D.D.C. Mar. 20, 2025)..................................................................................................13

*American Association of University Professors v. Rubio*, 802 F. Supp. 3d 120
(D. Mass. 2025)............................................................................................................12

*Ammex v. United States*, 62 F. Supp. 2d 1148 (Ct. Int'l Trade 1999) ........................................7, 8

*Asarco, Inc. v. EPA*, 616 F.2d 1153 (9th Cir.1980)..............................................................13

*Association of American Universities v. DOD*, 806 F.Supp.3d 79 (D. Mass. 2025)......................6

*Batalla Vidal v. Duke*, No. 16-cv-4756, 2017 WL 4737280 (E.D.N.Y.
Oct. 19, 2017) ...........................................................................................................5, 9

*Beta Analytics International, Inc. v. United States*, 61 Fed. Cl. 223 (2004) ...........................14, 15

*Department of Commerce v. New York*, 588 U.S. 752 (2019)...........................................................4

*Dolphin Park TT, LLC v. United States*, 162 Fed. Cl. 248 (2022) ................................................14

*Dow AgroSciences LLC v. National Marine Fisheries Service*, 707 F.3d 462
(4th Cir. 2013)..............................................................................................................6

*Esch v. Yeutter*, 876 F.2d 976 (D.C.Cir.1989)...............................................................................13

*Escobar Molina v. DHS*, No. CV 25-3417 (BAH), 2026 WL 1256234 (D.D.C.
May 7, 2026)........................................................................................................11, 12, 13

*Hispanic Affairs Project v. Acosta,* 901 F.3d 378 (D.C. Cir. 2018) ...........................................13

*Home Box Office, Inc. v. FCC*, 567 F.2d 9 (D.C. Cir. 1977)........................................................9, 15

*Housatonic River Initiative v. EPA*, 75 F.4th 248 (1st Cir. 2023) ................................................14

*Institute for Fisheries Resources v. Burwell*, No. 16-cv-1574, 2017 WL 89003
(N.D. Cal. Jan. 10, 2017) .............................................................................................7, 9

*Miami Nation of Indians v. Babbitt*, 979 F. Supp. 771 (N.D. Ind. 1996) ...............................7, 12

*Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm
Mutual Automobile Insurance Company*, 463 U.S. 29 (1983) ...........................................8

*Natural Resources Defense Council, Inc. v. Train*, 519 F.2d 287 (D.C. Cir. 1975)......................9

*New York v. McMahon*, 826 F. Supp. 3d 184 (D. Mass. 2026) ...........................................5, 7, 10

*New York v. Wolf,* No. 20-CV-1127 (JMF), 2020 WL 2049187 (S.D.N.Y.
    Apr. 29, 2020) ...................................................................................................................12

*Olsen v. United States*, 414 F.3d 144 (1st Cir. 2005) ......................................................11

*Portland Audubon Society v. Endangered Species Committee*, 984 F.2d 1534
    (9th Cir. 1993)....................................................................................................................9

*Public Power Council v. Johnson*, 674 F.2d 791 (9th Cir. 1982).....................................11

*Roe v. Mayorkas*, No. 22-CV-10808-ADB, 2024 WL 5198705 (D. Mass.
    Oct. 2, 2024) .......................................................................................................................5

*Ruskai v. Pistole*, 775 F.3d 61 (1st Cir. 2014) ...........................................................11, 12

*Sierra Club v. United States Army Corps of Engineers*, No. 2:20-CV-00396-LEW,
    2022 WL 2953075 (D. Me. July 26, 2022).......................................................................10

*Town of Winthrop v. FAA*, 535 F.3d 1 (1st Cir. 2008)......................................................14

*Tummino v. Hamburg*, 936 F. Supp. 2d 162 (E.D.N.Y. 2013) .........................................13

*Tummino v. Torti*, 603 F. Supp. 2d 519 (E.D.N.Y. 2009) ...........................................14, 15

*WildWest Institute v. Bull*, 547 F.3d 1162 (9th Cir. 2008)...............................................12

## DOCKETED CASE

*Patel v. Lyons*, No. 1:25-cv-1096-ACR (D.D.C.)................................................................8

## RULE

Fed. R. Civ. P. 26(f)..............................................................................................................3

**INTRODUCTION**

The Presidents' Alliance on Higher Education and Immigration and the Association of Independent Colleges and Universities in Massachusetts (together, "Plaintiffs") brought this litigation under the Administrative Procedure Act (the "APA") challenging actions taken by the Department of State ("DOS") and Department of Homeland Security ("DHS," and together with DOS and the other defendants sued in their official capacities, "Defendants" or the "government") under their so-called "Student Criminal Alien Initiative" (the "Initiative").  More than a year after this litigation was filed, and over two months after the Court issued its decision denying-in-large-part the government's Motion to Dismiss, the government produced an "Administrative Record" ("AR") consisting of *two documents* and a total of *five pages* with heavy, unexplained redactions from DOS and nothing (*i.e.*, *zero pages*) from DHS.  Under the APA, this Court is expected to review agency action based on the AR—a task the government's paltry production renders virtually impossible.  Accordingly, the Court should grant Plaintiffs' Motion for Leave to Conduct Limited Discovery to Complete and Supplement the Administrative Record.

In connection with the Initiative, throughout March and April 2025, thousands of international students enrolled in colleges and universities across the United States had their Student and Exchange Visitor Information System ("SEVIS") records improperly terminated by the U.S. Immigration and Customs Enforcement ("ICE") and their visas revoked by DOS without individualized adjudication.  ICE personnel ran the names of approximately 1.3 million international students through the National Crime Information Center ("NCIC") database.  That bulk query produced roughly 6,400 "hits," including many students with no criminal history but whose names were in the NCIC database as victims, witnesses, or individuals who had never been charged with a crime.  Of the 6,400 hits, more than 3,000 students had active visas when ICE

conducted the search. ICE then summarily terminated the SEVIS records of thousands of students nationwide based solely on the NCIC hits, while DOS, in a coordinated action, terminated their visas en masse. In many cases, DOS and DHS did not notify the student or their school about the revocation or termination. In some cases, DOS sent a letter or email informing the student that their visa had been revoked and that DOS had notified ICE.

A deluge of lawsuits followed. On April 26, 2025, ICE issued a broadcast message stating that "[Security and Exchange Visitor Program ("SEVP")] can terminate [SEVIS] records for a variety of reasons, including, but not limited to the following reasons: . . . U.S. Department of State Visa Revocation (Effective Immediately)" (the "Broadcast Message"). Following the lawsuits, however, SEVP reversed course, reactivating the students' SEVIS records that were terminated in connection with the Initiative. DOS, however, has not reinstated the revoked visas. Plaintiffs sued, seeking permanent and injunctive relief to block Defendants from pursuing policies that were components of the Initiative. Despite the scale of this cross-department Initiative, Plaintiffs remain largely in the dark about how or why the government acted as it did. The five-page, heavily redacted AR does not provide any answers.

Both completion and supplementation of the AR are necessary here. Plaintiffs cannot make heads-or-tails of the meager AR produced by DOS and expect that the Court will face the same problem with the incomprehensible record. To compound this issue, DHS has produced nothing at all. Completion of the record is appropriate because the AR clearly does not include everything the agencies considered in their decision-making process. Supplementation of the record with additional discovery is likewise necessary to aid the Court's understanding. Plaintiffs therefore request that the Court order Defendants to complete the administrative record with all materials considered in their decision-making process and allow Plaintiffs to conduct discovery to determine

2

the contents of the AR.  Plaintiffs also request that the Court order Defendants to supplement the AR with extra-record discovery.

## BACKGROUND

Plaintiffs sued Defendants on April 24, 2025, seeking permanent injunctive relief to block Defendants from pursuing policies that were an outgrowth of the Initiative, through which they coordinated to cancel visas without warning, manipulate the SEVIS statuses of thousands of international students enrolled in colleges and universities across the United States, and send misleading and threatening letters to impacted students, throwing campuses across the country into chaos and fear.  Dkt. 1.  On June 27, 2025, Plaintiffs filed an amended complaint.  Dkt. 14.  On August 15, 2025, Defendants filed a Motion to Dismiss, arguing that Plaintiffs lacked standing to pursue the case, the SEVIS claims were moot, and that there was no reviewable final agency action. Dkt. 29.  On March 20, 2026, that Motion was denied in significant part.  Dkt. 54.[1]

Pursuant to Rule 26(f), the parties negotiated a discovery schedule between April and May 2026.  Declaration of Jacob Tuttle Newman ("Decl.") ¶ 3.  As part of that schedule, Defendants agreed to produce the full administrative record by June 11, 2026.  Decl. ¶ 4.  The Court adopted the parties' agreed-upon schedule via docket order after a scheduling conference on May 18, 2026. Dkt. 64.

On June 15, 2026, DOS produced to Plaintiffs documents that it says constitute the AR.[2] Decl. ¶ 5.  Defendants filed a notice to the Court that it had served the AR that same day.  Dkt. 69. The AR consists of five pages of documents so heavily redacted that it is nearly impossible to discern their meaning.  ████████████████████████████

---

[1]     This Court allowed Defendants' Motion to Dismiss as to Count V only.
[2]     Defendants served the AR on an "Attorneys' Eyes Only" basis, citing the fact that they have not yet shared a protective order.

3



. DHS contributed nothing to the AR,

. Further, Defendants have not provided a log that adequately justifies the heavy redactions, nor have they articulated a basis for withholding from the AR materials germane to DHS's role, decisions, and actions in enacting and executing the Initiative, other than DHS's belief that its actions in the Initiative do not constitute a policy—a position this Court has rejected.

At a June 26, 2026 meet and confer to discuss deficiencies with the AR, Defendants indicated that they had no intention of providing anything further. On July 8, 2026, the parties met and conferred again and Defendants indicated that they opposed this motion but reserved the right to change their position. To date, Defendants have not provided any further information or additional materials regarding the AR, with the exception of a deficient privilege log.

## ARGUMENT

This Court should not accept the government's efforts to shirk its obligations in this case by producing a thin AR, consisting of just five heavily redacted pages to justify its sweeping multi-agency Initiative that harmed thousands of international students and institutions across the nation. Instead, the Court should order both completion and supplementation of the AR in order to facilitate meaningful review in this case. *See Department of Com. v. New York*, 588 U.S. 752, 780 (2019) ("In order to permit meaningful judicial review, an agency must disclose the basis of its

action.") (internal quotation omitted). A full AR includes "not only materials directly considered by the agency decisionmaker, but also all materials that might have influenced the agency's decision, including any work and recommendations of subordinates on which the agency decisionmaker based his or her decision." *Batalla Vidal v. Duke*, No. 16-cv-4756, 2017 WL 4737280, at *5 (E.D.N.Y. Oct. 19, 2017) (internal quotation marks omitted).

Additional discovery is appropriate here because DOS's contribution to the AR is incomplete, and DHS's is nonexistent. Further, supplementation through extra-judicial discovery is necessary to aid the Court's review, and is made further necessary by the agencies' bad faith.

## I.     DEFENDANTS' ADMINISTRATIVE RECORD MUST BE COMPLETED

Because Defendants have not provided materials that were part of the decision-making process in the AR, this Court must order completion of the administrative record. *See Roe v. Mayorkas*, No. 22-CV-10808-ADB, 2024 WL 5198705, at *7 (D. Mass. Oct. 2, 2024). "An administrative record must consist of all documents and materials directly or indirectly considered by [the] agency decision-makers and includes evidence contrary to the agency's position." *Id.* (internal quotations and citation omitted). Plaintiffs have "reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record," and therefore, the Court should order completion of the AR. *See New York v. McMahon*, 826 F. Supp. 3d 184, 195 (D. Mass. 2026) (quoting *Mayorkas*, 2024 WL 5198705, at *7).

Defendants have included no DHS-specific documents in the AR whatsoever, even though DHS plainly played a significant role in designing and executing the policies at issue in this litigation. And the DOS documents included in the AR fall far short of informing Plaintiffs of Defendants' decision-making process. The AR lacks information that supports any agency reasoning and includes none of the materials Defendants previously relied upon at the motion to

dismiss stage or submitted as part of the administrative record in parallel litigation.  Lastly, the AR is heavily redacted, and although Defendants have provided a privilege log, it does not specify a purported basis for each of the manifold redactions in the AR, rendering it largely unusable.

A.  The Current AR Omits Key Materials

*First*, the Court should not credit the paltry record Defendants have provided, as it elucidates virtually nothing. ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████ *See* PresAll CAR 001 (attached as Exhibit A). █████████

███████████████████████████████████████

██████████████████████████████████. *See* PresAll CAR 004 (Exhibit A).  An administrative record must show not only what the agency did; it "must explain why it chose to do what it did." *Association of Am. Univs. v. DOD*, 806 F.Supp.3d 79, 114 (D. Mass. 2025) (internal quotations and citations omitted); *Dow AgroSciences LLC v. National Marine Fisheries Serv.*, 707 F.3d 462, 467 (4th Cir. 2013) ("The agency record does not refer simply to the facts presented to the agency but also includes the reasons given by the agency for taking the action.").  DOS's AR as produced fails to meet this legal standard.

██████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████

██████████████████████████████

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████

████████████    An AR ████████████████████

██████  "constitutes clear evidence that these [materials] exist and should be included in the AR."

*McMahon,* 826 F. Supp. 3d at 197; *see also Ammex v. United States,* 62 F. Supp. 2d 1148, 1156 (Ct. Int'l Trade 1999) ("If the relevant agency decisionmakers considered, even indirectly, any internal guidelines, memoranda, manuals or other materials in reaching its decision, those materials should be included in the record."); *Institute for Fisheries Res. v. Burwell,* No. 16-cv-1574, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017) ("It is obvious that in many cases internal comments, draft reports, inter-or intra-agency emails, revisions, memoranda, or meeting notes will inform an agency's final decision."); *Miami Nation of Indians v. Babbitt,* 979 F. Supp. 771, 778 (N.D. Ind. 1996) (directing government "to complete the administrative record by adding . . . draft reports").

What is more, DHS has not provided *any* information or insight into its decision-making process, ████████████████████████████████

PresAll CAR 001. ████████████████████

████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████. The Court is therefore left unable to evaluate any of the factors Defendants did, or did not, consider regarding use of the NCIC database, SEVIS terminations, or the Broadcast Message. *See Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (arbitrary and capricious review includes whether "the agency has relied on factors which Congress has not intended it to consider, [or] entirely failed to consider an important aspect of the problem").

*Third*, Defendants have refused to provide documents previously cited in this action or parallel litigation, further demonstrating the incompleteness of the AR in this case. In this action, DHS argued that ICE's Broadcast Message was unreviewable under the APA. *See* Dkt. 30 at 26-27. The Court rejected that argument, noting "[t]he Broadcast Message thus seems to have mark[ed] the consummation of the agency's decision making process." Dkt. 54 at 50 (alteration in original; internal quotations and citation omitted). Yet now, DHS refuses to produce even the Broadcast Message, let alone the record of how it came to be, as part of the AR. This is DHS's second attempt at evading the Court's review. But the Broadcast Message, a self-described "informational agency guidance" document, Dkt. 30 at 27, is precisely the kind of material that forms an AR. *See Ammex*, 62 F. Supp.2d at 1156 ("internal guidelines . . . should be included in the record.").

Defendants have also relied on testimony from then-DHS Official Andre Watson given in *Patel v. Lyons*, No. 1:25-cv-1096-ACR (D.D.C.). *See* Dkt. 30 at 5 (citing testimony from *Patel*);

8

Dkt. 30-2 (Exhibit B to Defendants' Motion to Dismiss). *Patel* challenges ICE's termination of a single SEVIS record. Mr. Watson's testimony in *Patel* shows plainly that the AR here is deficient, lacking communications, Dkt. 30-2 at 4:13-16 ("ICE ran a number of students through the NCIC, passed the hits along to the Department of State, and then the Department of State passed the information back to ICE about requesting that certain of those records be terminated") and spreadsheets transmitted between Defendants ("[T]he appropriate responses were categorized in spreadsheets that were then sent to the Department of State."). *Id.* at 7:12-18. The materials referenced by Mr. Watson should have been produced in the AR here. They were not. *See Institute for Fisheries Res.*, 2017 WL 89003 at *1. And even though *Patel* challenges the same DHS action at issue here, DHS provided materials in *Patel*'s administrative record, including communications between DHS and DOS officials discussing review of spreadsheets containing NCIC data for F-1 students and a portion of one such spreadsheet. *Patel v. Lyons* Certified Administrative Record (Attached as Exhibit B). DHS therefore conceded the materials were either "directly considered by the agency decisionmaker" or "might have influenced the agency's decision." *Batalla Vidal*, 2017 WL 4737280 at *5. Here, DHS has provided ***nothing***. DHS's refusal to provide any information in this case, while contributing to the AR in *Patel*, clearly demonstrates the record here is incomplete.

The failure to provide essentially any materials leaves an incomplete AR that "must be viewed as a 'fictional account of the actual decision[-]making process.'" *Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993) (quoting *Home Box Office, Inc. v. FCC*, 567 F.2d 9, 54 (D.C. Cir. 1977)). Because of the incomplete administrative record and Defendants' recalcitrance, Plaintiffs are "entitled to an opportunity to determine, by limited

discovery, whether any other documents which are properly part of the administrative record have been withheld." *Natural Res. Defense Council, Inc. v. Train*, 519 F.2d 287, 292 (D.C. Cir. 1975).

B. <u>Defendants' Privilege Log is Insufficient</u>

Every page of DOS's AR is partially or fully redacted. On July 3, 2026, nearly three weeks after sharing the AR—and only in response to repeated requests from Plaintiffs—Defendants shared a privilege log. DOS Privilege Log (Attached as Exhibit C). But this log lacks the specificity to justify the heavy redactions and does little to elucidate the bases on which the government asserts privilege. ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████ *See* PresAll CAR 001. ███████

████████████████████████████████████████████

████████████████████████████████████████████

██████ *See* PresAll CAR 004. Without a sufficiently detailed log that outlines a basis for each redaction, Plaintiffs and the Court cannot understand what documents and information are being withheld or on what purported basis, which frustrates any meaningful review. And even accepting the government's limited descriptions at face value, the log demonstrates that at least some of Defendants' asserted privileges do not apply.[3]

---

[3] ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ *See McMahon*, 826 F. Supp. 3d at 198 ("The First [C]ircuit has held that a document is predicational if it is 'antecedent to the adoption of agency policy.'").

At a minimum, this Court should require Defendants to provide a revised privilege log and AR that identifies the specific privilege that applies to each redaction in the Record. Such a log would "permit Plaintiffs and the Court to assess whether the withheld documents can fairly be considered within the deliberative process," or the other bases asserted by Defendants. *Sierra Club v. United States Army Corps of Eng'rs*, No. 2:20-CV-00396-LEW, 2022 WL 2953075, at *4 (D. Me. July 26, 2022). Any burden associated with providing properly redacted documents is minimal, particularly where Defendants seek to justify extensive redactions to an Administrative Record comprised of only two documents totaling five pages.

## II.    THE RECORD SHOULD BE SUPPLEMENTED WITH ADDITIONAL DISCOVERY

Given the serious deficiencies of the AR, this Court should order supplementation of the record beyond the AR. Supplementation is warranted on two independent grounds: first, because there is a "failure to explain administrative action as to frustrate effective judicial review," and second, because "there is 'a strong showing of bad faith or improper behavior' by agency decision makers." *Olsen v. United States*, 414 F.3d 144, 155-56 (1st Cir. 2005) (citation omitted). Additional discovery is therefore required.

A.    The Deficiency of the Record Frustrates Effective Judicial Review and Requires Supplementation

Supplementation of the record is necessary here because "the record is so bare that it prevents effective judicial review." *Escobar Molina v. DHS*, No. CV 25-3417 (BAH), 2026 WL 1256234, at *19 (D.D.C. May 7, 2026); *see Ruskai v. Pistole*, 775 F.3d 61, 66 (1st Cir. 2014) (supplementation permitted "when necessary to determine whether the agency considered all relevant factors in making its decision" (internal citations omitted)). To supplement the record, this Court may "obtain from the agency, either through affidavits or testimony, such additional explanations of the reasons for the agency decision as may prove necessary." *Public Power*

11

*Council v. Johnson*, 674 F.2d 791, 793-94 (9th Cir. 1982) (internal citations omitted). Plaintiffs allege that Defendants' Initiative—DHS and ICE's termination of students' SEVIS records and DOS's concomitant visa revocations—violated the APA. The Court cannot evaluate Plaintiffs' claims based on the inadequate AR produced and should therefore order supplementation of the record with extra-record discovery, including depositions of key decisionmakers.

The scant AR provided by Defendants leaves Plaintiffs with no other choice but to seek extra-record discovery. "[T]he court cannot determine whether the final agency decision reflects the rational outcome of the agency's consideration of all relevant factors when the court has no idea what factors or data were in fact considered by the agency." *Miami Nation*, 979 F. Supp. at 775. Courts have previously found records far longer than this warranted extra-record discovery. *See, e.g.*, *Escobar Molina*, 2026 WL 1256234, at *20 (ordering extra-record supplementation of "effectively empty administrative record totaling eleven pages"); *American Ass'n of Univ. Professors v. Rubio*, 802 F. Supp. 3d 120, 190 n.46 (D. Mass. 2025) (concluding that, based on "thin[]" 30 page AR containing only the "most bare-bones information", court was "unable to analyze the agency's action and the grounds for it without . . . extra-record materials."); *cf. New York v. Wolf,* No. 20-CV-1127 (JMF), 2020 WL 2049187, at *2 (S.D.N.Y. Apr. 29, 2020) ("[T]he Administrative Record is a mere sixty-four pages long.").

Plaintiffs challenge Defendants' SEVIS record termination and visa revocation policies, but the record lacks any documents elucidating the rationale behind these decisions, factors considered, or information used when implementing the policies. ███████████████████ ███████████████████████████. *See* PresAll CAR 001 (Exhibit A). It reveals next to nothing about DOS's rationale for revoking visas simply based on the presence of a student's name in the NCIC database. It likewise lacks any explanation for DOS's departure from prior policy.

The Court cannot determine whether Defendants "considered all relevant factors in making [their] decision[s]" because of the inadequacy of this record. *Ruskai*, 775 F.3d at 66 (quoting *WildWest Inst. v. Bull*, 547 F.3d 1162, 1176 (9th Cir. 2008)). "[W]hen the agency action cannot be adequately explained in the record it compiled, the court's consideration of evidence outside the agency's 'administrative record' is not only warranted, but necessary to a meaningful judicial review of the agency's action." *Tummino v. Hamburg*, 936 F. Supp. 2d 162, 196 (E.D.N.Y. 2013) (citing *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C.Cir.1989)). *See Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir.1980) (AR may be supplemented when additional information would "fully explicate . . . [the agency']s course of conduct or grounds of decision.").

Defendant DHS has failed to produce a single document, contending that no policy is at issue in this case. This is not for DHS to unilaterally conclude, nor is it supported by this Court's prior decision or the incomplete AR produced by Defendants thus far. Indeed, in its March 20, 2026, Order denying Defendants' Motion to Dismiss, this Court found that it could "plausibly infer the existence of such a policy at this stage from the allegation that ICE terminated the SEVIS records of thousands of F-1 students with NCIC hits after DOS revoked their visas." Dkt. 54 at 48. What is more, ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ PresAll CAR 001 (Exhibit A). The Court need not credit DHS's *ipse dixit* regarding the existence of a policy. Claiming that no final agency action occurred in this case will not make it so.

Should the Court find that the record "does not reveal 'whether [the] agency's challenged policy exists,'" it should "exercise its discretion to permit further discovery 'to ascertain the contours of the precise policy at issue.'" *Escobar Molina,* 2026 WL 1256234, at *19 (internal citations omitted); *see Hispanic Affs. Project v. Acosta,* 901 F.3d 378, 386 n.4 (D.C. Cir. 2018)

13

(finding extra-record discovery "permissible" for the "purpose of proving that the Department . . . has a practice or policy" as alleged). "[U]nlike the typical APA case, which involves the enactment of a rule or other agency action taken in public view—only the Defendants know the 'contours' of [their] actions." *Alliance for Retired Americans v. Bessent*, No. 25-0313, 2025 WL 1114350, at *3 (D.D.C. Mar. 20, 2025). Plaintiffs must be permitted to test DHS's repeated assertion regarding the existence of a reviewable policy so that this Court can fulfill its judicial function. *Dolphin Park TT, LLC v. United States*, 162 Fed. Cl. 248, 257 n.3 (2022) (explaining depositions to supplement the record were appropriate where the provided record had "numerous and significant inconsistencies, conflicts, and contradictions").

B. Defendants' Bad Faith and Improper Behavior Warrant Supplementation

Supplementation of the record is also appropriate in light of the "bad faith [and] improper behavior" by the agencies. *Housatonic River Initiative v. EPA*, 75 F.4th 248, 278 (1st Cir. 2023) (quoting *Town of Winthrop v. FAA*, 535 F.3d 1, 14 (1st Cir. 2008)); *see Beta Analytics Int'l, Inc. v. United States*, 61 Fed. Cl. 223, 226 (2004). Defendants' actions are indicative of improper behavior and are inexplicable absent bad faith.

Evidence of bad faith can include procedural irregularities in the challenged decision and evidence that the decision "was made before review staff had completed their reviews." *Tummino v. Torti*, 603 F. Supp. 2d 519, 543-544 (E.D.N.Y. 2009). Where "the [agency]'s conduct and the chain of events leading up to the decision . . . cannot be fully understood without reviewing," *inter alia*, "deposition testimony of key [agency] decision-makers and other materials illuminating these decision-making processes and the extent to which impermissible political and ideological considerations influenced the [agency's] decisions[,]" supplementation is necessary. *Id.* at 544.

Here, evidence strongly suggests that the integrity of Defendants' decision-making process regarding SEVIS terminations and visa revocations was compromised. There is no evidence that

14

DOS's mass revocation of student visas based on alleged "hits" in the NCIC database had any individualized review or investigation. DOS acted in contravention of its regulations with no explanation provided then or now before this Court. DHS and ICE then terminated thousands of SEVIS records of students whose names appeared in the database, without notifying individuals or providing any explanation for this action taken contrary to law. Then, only weeks after this sweeping policy shift, DHS reversed course with regard to SEVIS records, but DOS did not. Again, Defendants offered no meaningful explanation. That DHS and ICE so quickly restored SEVIS records to thousands of students, while DOS did not, casts serious doubt on the legitimacy of the terminations. The agencies deviated from their regulatory decision-making processes and likely relied on improper considerations. *See Tummino v. Torti*, 603 F. Supp. 2d at 543.

Defendants' failure to produce, at minimum, documents included in the administrative records of parallel proceedings indicates bad faith here. *See Patel*, discussed *supra*. *Beta Analytics*, 61 Fed. Cl. at 226. As does DHS's flagrant flouting of this Court's order denying its Motion to Dismiss by continuing to assert that no policy is at issue in this case. "[W]here, as here, an agency justifies its actions by reference only to information in the public file while failing to disclose the substance of other relevant information that has been presented to it, a reviewing court cannot presume that the agency has acted properly." *Home Box Off.*, 567 F.2d at 54. Additional discovery is required to supplement the record in these circumstances.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to Conduct Limited Discovery to Complete and Supplement the Administrative Record.

Respectfully submitted,

/s/ *George P. Varghese*
George P. Varghese (MA BBO # 706861)
Jacob Tuttle Newman (MA BBO # 712110)
Asma Jaber (MA BBO # 707322)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
george.varghese@wilmerhale.com
jacob.tuttlenewman@wilmerhale.com
asma.jaber@wilmerhale.com

Sirine Shebaya (D.C. Bar # 1019748)*
Khaled Alrabe (Cal. Bar # 349899)*
NATIONAL IMMIGRATION PROJECT
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009
Phone: (617) 227-9727
Fax: (617) 227-5495
sirine@nipnlg.org
khaled@nipnlg.org

Kerry E. Doyle (MA BBO #565648)
Stephen J. Antwine (Pa. Bar # 309379)*
GREEN & SPIEGEL, LLC
1524 Delancey Street, Floor 4
Philadelphia, PA 19102
Phone: (215) 395-8959
Fax: (215) 330-5311
kdoyle@gands-us.com
santwine@gands-us.co

*Counsel for Plaintiffs Presidents' Alliance on Higher Education and Immigration and Association of Independent Colleges and Universities in Massachusetts*

David Zimmer (MA BBO #692715)
Julia Solomon-Strauss (MA BBO #718481)*
ZIMMER, CITRON & CLARKE LLP
711 Atlantic Avenue, 6th Floor

16

Boston, MA 02111
Phone: (617) 676-9421
dzimmer@zimmercitronclarke.com
julia@zimmercitronclarke.com


*Counsel for Plaintiff Presidents' Alliance on Higher Education and Immigration*

*\*Motion for admission pro hac vice granted*

Dated: July 9, 2026

17

## CERTIFICATE OF SERVICE

I, George P. Varghese, certify that a copy of the foregoing document was served on all parties who have appeared through the Court's electronic docketing system.

Date: July 9, 2026                                  */s/ George P. Varghese*