**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PRESIDENTS' ALLIANCE ON HIGHER EDUCATION AND IMMIGRATION; and ASSOCIATION OF INDEPENDENT COLLEGES AND UNIVERSITIES IN MASSACHUSETTS<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; the DEPARTMENT OF HOMELAND SECURITY; MARCO RUBIO, in his official capacity as Secretary of State; and the DEPARTMENT OF STATE,<br><br>*Defendants*. | Case No. 25-cv-11109-PBS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME**

The original deadline for Defendants to respond to Plaintiffs' recent Motion for Additional Discovery passed on July 23, 2026, the day Defendants formally sought their extension with this Court. While Plaintiffs do not, as a general matter, oppose reasonable extensions sought by opposing counsel, Plaintiffs are unable to assent to the unlimited and unreasonable extension sought by Defendants' counsel, and therefore submit this Opposition to Defendants' Motion for Extension of Time ("Mot."). Defendants' request for an additional nineteen days to respond to Plaintiffs' motion has not occurred in a vacuum; it is the latest instance of Defendants' repeated delays in this litigation and Defendants have submitted no evidence explaining the nature of the

1

"network outage and other computer issues" that have prevented counsel "from accessing any of her work files and network" for approximately four weeks. Mot. 2. Plaintiffs and this Court are left to guess why the United States has rendered "the only counsel of record in this case" and the only "available attorney" to represent Defendants "[w]ithout adequate, complete, working technology." *See* Mot. 2. Defendants have likewise provided no assurance that counsel's amorphous and unexplained technology issues—which were not resolved as of the date of Defendants' filing—will be resolved at any given time (including by the deadline Defendants request). Because Plaintiffs believe this case can and should be litigated expeditiously, Plaintiffs respectfully request the Court deny Defendants' Motion for Extension of Time.

Defendants have repeatedly delayed the progress of this case. After this Court largely denied Defendants' Motion to Dismiss in March, there was no reason Defendants could not have proceeded immediately to compile the required administrative record. When the parties negotiated a discovery schedule before the Schedule Conference on May 18, however, Defendants were unwilling to agree to produce an administrative record until June 11—weeks later than Plaintiffs proposed. *See* Dkt. 61. Plaintiffs agreed to the deadline so long as dates remained firm, and the Court thereafter entered that schedule. Dkt. 64.

Despite Defendants' prior commitment to meet this deadline, on June 10, nearly three months after the denial of Defendant's motion to dismiss, Defendants sought a seven-day extension, raising—for the first time—the need for a protective order that would govern the production of these government records. Plaintiffs assented to a four-day extension so that Defendants could produce an administrative record and inform the Court that Defendants intended to seek a protective order and file any administrative record under seal. *See* Dkt. 67. Defendants did not provide a proposed protective order the following week and, unable or unwilling to file the

2

administrative record under seal, simply filed a notice that the administrative record had been served on Plaintiffs with the agreement that it would be treated as Attorneys' Eyes Only "on a provisional basis." Dkt. 69. Now, over a month later, Defendants have still not prepared a protective order. And, as argued in Plaintiffs' recent motion, Defendants' administrative record from both the Departments of State and Homeland Security is wholly inadequate, comprising only five heavily redacted pages. Aside from the record itself, Defendants initially failed to provide a privilege log to explain such sweeping redactions and only provided this log after repeated requests from Plaintiffs. The log purports to explain the bases for redacting huge swaths of the five-page administrative record, but in reality fails to specify the basis for each of the many redactions, rendering it virtually useless to Plaintiffs and this Court.

Now, once again at the eleventh hour, Defendants seek a further delay. While Plaintiffs are amenable to a reasonable extension on a showing of good cause, Defendants' vague reasons for seeking relief—"a network outage and other computer issues"—do not suffice. Mot. 2. If Defendants can prepare and file a request for extension and other administrative documents despite the ongoing outage, it is unclear why such a lengthy extension is necessary. Defendants' repeated delays are unjustified and prejudice Plaintiffs by further delaying adjudication of this case.

For these reasons, Plaintiffs request that the Court deny Defendants' request for a nineteen-day extension of time to file their response and order the filing of a response forthwith.

Respectfully submitted,

/s/ *George P. Varghese*
George P. Varghese (MA BBO # 706861)
Jacob Tuttle Newman (MA BBO # 712110)
Charlotte Mostertz (MA BBO # 707537)
Asma Jaber (MA BBO # 707322)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street

Boston, MA 02109
Phone: (617) 526-6000
george.varghese@wilmerhale.com
jacob.tuttlenewman@wilmerhale.com
charlotte.mostertz@wilmerhale.com
asma.jaber@wilmerhale.com

*Counsel for Plaintiffs Presidents' Alliance
on Higher Education and Immigration and
Association of Independent Colleges and
Universities in Massachusetts*

Sirine Shebaya (D.C. Bar # 1019748)*
Khaled Alrabe (Cal. Bar # 349899)*
NATIONAL IMMIGRATION PROJECT
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009
Phone: (617) 227-9727
Fax: (617) 227-5495
sirine@nipnlg.org
khaled@nipnlg.org

Kerry E. Doyle (MA BBO #565648)
Stephen J. Antwine (Pa. Bar # 309379)*
GREEN & SPIEGEL, LLC
1524 Delancey Street, Floor 4
Philadelphia, PA 19102
Phone: (215) 395-8959
Fax: (215) 330-5311
kdoyle@gands-us.com
santwine@gands-us.com

*Counsel for Plaintiffs Presidents' Alliance
on Higher Education and Immigration and
Association of Independent Colleges and
Universities in Massachusetts*

David Zimmer (MA BBO #692715)
Julia Solomon-Strauss (MA BBO #718481)
ZIMMER, CITRON & CLARKE LLP
711 Atlantic Avenue, 6th Floor
Boston, MA 02111
Phone: (617) 676-9421
dzimmer@zimmercitronclarke.com
julia@zimmercitronclarke.com

4

*Counsel for Plaintiff Presidents' Alliance on Higher Education and Immigration*

*\*Motion for admission pro hac vice granted*

Dated: July 31, 2026

**CERTIFICATE OF SERVICE**

I, George P. Varghese, certify that a copy of the foregoing document was served on all parties who have appeared through the Court's electronic docketing system.

Date: July 31, 2026                                         */s/ George P. Varghese*