# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PRESIDENTS' ALLIANCE ON HIGHER EDUCATION and ASSOCIATION OF INDEPENDENT COLLEGES AND UNIVERSITIES IN MASSACHUSETTS,<br><br>*Plaintiffs,*<br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security1; TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; the DEPARTMENT OF HOMELAND SECURITY; MARCO RUBIO, in his official capacity as Secretary as Secretary of State; and the DEPARTMENT OF STATE,<br><br>*Defendants.* | Case No. 25-cv-11109-PBS |

**<u>PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, Presidents' Alliance on Higher Education and Association of Independent Colleges and Universities in Massachusetts, through their undersigned counsel, make the following Requests to Defendants Markwayne Mullin, Todd Lyons, the Department of Homeland Security, Marco Rubio, and the Department of State. The documents and items requested herein are to be produced within thirty (30) days of the service of these requests at the office of WilmerHale, 60 State St., Boston, MA 02109. To the extent that any of these Requests for Production may at any time be supplemented, changed, or otherwise affected by information acquired by Defendants subsequent to the service of its answers, Plaintiffs direct Defendants to promptly serve

supplemental answers reflecting such changes pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS**

Unless otherwise defined, all words and phrases herein shall be interpreted in their common, ordinary sense, as well as the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts (Local Rule 26.5). Should You not understand the meaning of any term, it is requested that You immediately seek clarification through the undersigned. In addition, the following terms shall have the meanings set forth below whenever used in any Request for Production:

1. "Action" or "Litigation" means the above-captioned civil action.

2. "Administrative Record" means the certified administrative record (including supplementation) produced by Defendant Department of State in this Action. *See* PresAll CAR 001–005; STATE Supplemental CAR 00001–00306.

3. The terms "and" and "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Interrogatory all information that might otherwise be construed to be outside its scope.

4. "Any," "each," and "all" shall be construed to mean both any and all.

5. "Broadcast Message" means the April 26, 2025, communication entitled "Policy Regarding Termination of Records" transmitted by ICE to SEVP personnel.

6. "Complaint" means the First Amended Complaint in the above-captioned Action, Dkt. 14.

7. "Communication" means any contact, oral or written, whereby information of any nature is transmitted or transferred by one or more persons and/or between two or more persons

by means including, without limitation, telephone conversations, letters, telegrams, email, text messages, social media posts, social media direct messages, other group or direct messages, written memoranda, face-to-face conversations, and persons seeing or hearing any information by any means and any document memorializing or referring to the contact.

8. "DHS" means the United States Department of Homeland Security.

9. "DOS" means the United States Department of State, together with all of its offices, bureaus, employees, officials, contractors, agents, and representatives.

10. "Document" or "Documents" is used in the broadest sense permissible under the applicable rules and orders and includes each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your possession, custody, or control, regardless of the medium on which they are produced, reproduced, or stored, including but not limited to, computer files, computer databases, computer printouts, correspondence, electronic mail, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, drafts of Documents, exhibits, work papers, schedules, forms, audits, charts, plans, articles, specifications, diaries, letters, telegraphs, photographs, minutes, contracts, agreements, reports, surveys, data compilations of any kind, facsimiles, invoices, checks, statements, receipts, summaries, books, ledgers, and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any Document bearing marks, including initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate Document.

11. The terms "including," "includes," and "include" shall be construed to mean those terms, in each case, without limitation. Under no circumstance should the use of "including" in any Interrogatory be construed to limit the scope of the Interrogatory.

12. "ICE" means U.S. Immigration and Customs Enforcement, including all offices, divisions, programs, employees, contractors, agents, and representatives acting on its behalf.

13. "NCIC" means the National Crime Information Center database maintained by the Federal Bureau of Investigation ("FBI").

14. "NCIC Hit(s)" means any result, match, flag, identification, notification, record, response, or other indication generated through an NCIC query.

15. "Policy" means any policy, procedure, practice, protocol, program, initiative, guidance, instruction, directive, criterion, standard, custom, course of conduct, decision-making framework, or rule, whether written, unwritten, formal, informal, operative, proposed, temporary, permanent, departmental, agency-wide, or otherwise.

16. "Refer," "Relate," "Regard," or "Concern" shall be construed to bring within the scope of the Request all information that comprises, embodies, evidences, constitutes, describes, explicitly or implicitly refers to, was reviewed in conjunction with, or was generated as a result of the subject matter of the Request, including, but not limited to, all information that reflects, memorializes, discusses, evaluates, considers, reviews, reports, or in any way logically or factually connects with the subject matter described in the paragraph of the Request. "SCAI" or "Student Criminal Alien Initiative" means the initiative undertaken by DHS, ICE, and/or DOS beginning in or about March 2025 that involved querying international students through NCIC and taking subsequent immigration-related actions, including Visa Revocations and/or SEVIS Terminations.

17. "SCAI" or "Student Criminal Alien Initiative" means the initiative undertaken by DHS, ICE, and/or DOS beginning in or about March 2025 that involved querying international students through NCIC and taking subsequent immigration-related actions, including visa revocations and/or SEVIS Terminations.

18. "SEVIS" means the Student and Exchange Visitor Information System and any successor database, system, platform, recordkeeping system, or repository used to maintain information regarding international students and exchange visitors.

19. "SEVIS Record" means any record, file, entry, profile, notation, status designation, data field, information, or metadata maintained in SEVIS regarding an international student or exchange visitor.

20. "SEVIS Terminations," "Terminations," or "Termination of SEVIS Records" means any action, decision, notation, process, instruction, or mechanism that results in the termination, deactivation, cancellation, or closure of a SEVIS Record.

21. "SEVP" means the Student and Exchange Visitor Program and all of its offices, personnel, employees, contractors, agents, and representatives.

22. "Visa Revocation" means any revocation, cancellation, invalidation, withdrawal, suspension, termination, rescission, deactivation, or declaration that a visa is no longer valid, effective, or usable, including any action taken pursuant to the Student Criminal Alien Initiative.

23. "You," "Your," "Yours," and "Defendant(s)" each means and refers to Defendant Markwayne Mullin, Defendant Todd Lyons, Defendant Department of Homeland Security, Defendant Marco Rubio, and Defendant Department of State, as defined herein, collectively and individually.

24. The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

25. Any use of any specific gender includes any and all other genders.

26. The use of any tense of any verb shall be considered to include within its meaning all of the tenses of the verb so used.

27. The use of any definition for the purposes of these Interrogatories shall not be deemed to constitute an agreement or acknowledgement on the part of the Defendant that such definition is accurate, meaningful, or appropriate for any other purpose in this Litigation.

28. To the extent these Interrogatories employ terms used in the Complaint, such use is without prejudice to the rights of Plaintiffs.

## INSTRUCTIONS

1. Each Request shall operate and be construed independently. Unless otherwise indicated, no paragraph limits the scope of any other paragraph.

**2.** Respond separately to each Request. If You object to any portion of any Request, identify the portion to which You object and respond to the remainder.

**3.** If You are unable to respond fully to any Request, explain why Your response is incomplete, the efforts You have made to obtain the requested Documents and things, and the source from which all responsive Documents and things may otherwise be obtained to the best of Your knowledge or belief.

4. For any Documents or things withheld on the basis of any privilege or protection, including the attorney-client privilege and the work product doctrine, You must furnish a log that describes the nature of the Documents or things withheld and the nature and basis for any privilege asserted in accordance with Fed. R. Civ. P. 26(b)(5).

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

Produce all Documents and Communications concerning the conception, development, authorization, scope, and purpose of SCAI, including any directives, memoranda, emails, text messages, chat messages, or presentations reflecting why and how the initiative was undertaken.

**REQUEST NO. 2**

Produce all Documents sufficient to show how DHS and ICE implemented NCIC screening under SCAI, including: data sources used to identify individuals subject to screening; criteria for identifying NCIC Hits; categories of results obtained; and any filtering, verification, or validation steps applied prior to taking further action.

**REQUEST NO. 3**

Produce all Documents and Communications between or among DHS, ICE, and DOS concerning: SCAI; the NCIC queries; NCIC Hits; Visa Revocations of students identified in the NCIC Hits; SEVIS decisions of students in the NCIC Hits; and any priorities for DOS action or reciprocal agency input.

**REQUEST NO. 4**

Produce all Documents and Communications not already included in the Administrative Record that related to DOS revocation of visas based on NCIC Hits, including but not limited to, materials demonstrating how DOS evaluated NCIC information; whether and how individualized review occurred; any departure from prior Policy, practice, or regulatory interpretation; and all materials referenced in, underlying, or related to: the "Department of State Revocations Process Map"; and the "SOP for Handling Cases Under Review." *See* PresAll CAR 001–005.

**REQUEST NO. 5**

Produce all drafts, prior versions, revisions, and redlined versions of the SOP referenced in the Administrative Record, *see* PresAll CAR 002–005, workflow, guidance, or process Documents relating to Visa Revocations under SCAI, including those predating April 14, 2025, and all materials reflecting consideration, modification, or approval of such Documents.

**REQUEST NO. 6**

Produce all Documents and Communications sufficient to show how DHS and ICE implemented SEVIS Terminations related to SCAI, including: internal guidance and decision criteria; use of termination codes (including the "OTHER" category); system entries, logs, or audit trails; and any instructions provided to personnel implementing Terminations.

**REQUEST NO. 7**

Produce all Documents and Communications, including but not limited to drafts, that were directly or indirectly considered for Visa Revocations based on NCIC Hits, but were not included in any Administrative Record.

**REQUEST NO. 8**

Produce all Documents and Communications that DHS directly or indirectly considered in the termination of SEVIS Records based on a NCIC Hit and/or a Visa Revocation, but were not included in any Administrative Record.

**REQUEST NO. 9**

Produce all Documents and Communications concerning the development, drafting, approval, distribution, and implementation of the Broadcast Message, including, but not limited to: all drafts, revisions, and redlined versions of the Broadcast Message; all internal memoranda, emails, or Communications reflecting the purpose, meaning, or intended effect of the Broadcast Message; all materials reflecting consideration of whether the Broadcast Message would establish, modify, codify, or reflect any Policy concerning SEVIS Terminations, including Terminations based on Visa Revocations; all information directly or indirectly considered in developing the Broadcast Message; all guidance, instructions, or training materials provided to ICE or SEVP personnel regarding how to implement the Broadcast Message; all Documents reflecting how ICE or SEVP personnel were instructed to interpret or apply the Broadcast

Message; and all Documents reflecting how the Broadcast Message was applied in practice, including examples of SEVIS Termination decisions made pursuant to it.

**REQUEST NO. 10**

Produce all Documents and Communications reflecting DOS's decision to not restore or reconsider visas revoked in connection with SCAI.

DATED: September 23, 2026

Respectfully submitted,

/s/ *George P. Varghese*
George P. Varghese (MA BBO #706861)
Jacob Tuttle Newman (MA BBO #712110)
Asma S. Jaber (MA BBO #707322)
Charlotte Mostertz (MA BBO #707537)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
Fax: (617) 526-5000
george.varghese@wilmerhale.com
jacob.tuttlenewman@wilmerhale.com
asma.jaber@wilmerhale.com
charlotte.mostertz@wilmerhale.com

Kerry E. Doyle (MA BBO #565648)
Stephen J. Antwine (Pa. Bar #309379)*
GREEN & SPIEGEL, LLC
1524 Delancey Street, Floor 4
Philadelphia, PA 19102
Phone: (215) 395-8959
Fax: (215) 330-5311
kdoyle@gands-us.com
santwine@gands-us.com

Sirine Shebaya (D.C. Bar #1019748)*
Khaled Alrabe (Cal. Bar #349899)*
NATIONAL IMMIGRATION PROJECT
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009

Phone: (617) 227-9727
Fax: (617) 227-5495
sirine@nipnlg.org
khaled@nipnlg.org

*Counsel for Plaintiffs Presidents' Alliance on Higher Education and Immigration and Association of Independent Colleges and Universities in Massachusetts*

David Zimmer (MA BBO #692715)
Julia Solomon-Strauss (MA BBO pending)*
ZIMMER, CITRON & CLARKE LLP
130 Bishop Allen Dr.
Cambridge, MA 02139
Phone: (617) 676-9421
dzimmer@zimmercitronclarke.com
julia@zimmercitronclarke.com

*Counsel for Plaintiff Presidents' Alliance on Higher Education and Immigration*

**Motion for admission pro hac vice granted*