**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PRESIDENTS' ALLIANCE ON HIGHER EDUCATION AND IMMIGRATION; and ASSOCIATION OF INDEPENDENT COLLEGES AND UNIVERSITIES IN MASSACHUSETTS<br><br>*Plaintiffs*,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; the DEPARTMENT OF HOMELAND SECURITY; MARCO RUBIO, in his official capacity as Secretary of State; and the DEPARTMENT OF STATE,<br><br>*Defendants*. | Case No. 25-cv-11109-PBS |

**PLAINTIFFS' STATUS REPORT REGARDING DISCOVERY**

On September 18, 2026, this Court granted Plaintiffs' motion for leave to conduct limited discovery to complete and supplement the deficient administrative record produced by Defendants. This Court ordered the parties to meet and confer by September 30, 2026, and file a joint status report on October 2, 2026. Plaintiffs submit this Status Report solely on behalf of Plaintiffs pursuant to this Court's order. Defendants failed to comply with the Court's deadlines and refused to provide any responses to the Plaintiffs or updates for this Report. Instead, Defendants are seeking yet another delay in this case and object to this filing. Plaintiffs object to Defendants' continued delays as well as their request for an extension for the filing of their portion of this Report. Plaintiffs' Status Report update is as follows:

On September 23, 2026, Plaintiffs served Defendants with the following discovery requests: Plaintiffs' First Set of Requests for Production to Defendants; Plaintiffs' First Set of Interrogatories; Notice of Rule 30(b)(6) Deposition of Defendant Department of Homeland Security; and Notice of Rule 30(b)(6) Deposition of Defendant Department of State. Plaintiffs filed these discovery requests with the Court on September 23, 2026.

As required by this Court's order, the parties met and conferred on September 30, 2026, regarding Plaintiffs' discovery requests and their respective positions on those requests. Defendants stated general, non-specific objections to Plaintiffs' discovery requests and represented that they would provide their detailed objections in writing. Plaintiffs affirmed that they believed their requests were tailored and appropriate, but that they could not respond specifically to general objections without receiving objections that were more directly responsive to the requests they had served. Defendants agreed to provide Plaintiffs with their position for inclusion in this Status Report by 10:00 a.m. on October 2, 2026. Plaintiffs provided a shell Status Report on the evening of September 30, 2026 and requested Defendants complete their portions of the Report. Plaintiffs reiterated the agreed-upon 10:00 a.m. deadline to which Defendants had agreed. Despite this agreement and Plaintiffs' best efforts to contact Defendants, Defendants did not provide their position by 10:00 a.m. Plaintiffs then repeatedly contacted Defendants, requesting Defendants provide their position by 1:00 p.m., or if not, Plaintiffs would file their own status report. At 1:25 p.m., Defendants indicated that they would not be able to file a Joint Status Report by this Court's deadline and instead would seek an extension. In response, Plaintiffs objected to Defendants' continued delay in this case, and are submitting this Status Report solely on behalf of Plaintiffs pursuant to the Court's deadline. As of the time of this

filing, Defendants have not provided their positions on Plaintiffs' discovery requests. Plaintiffs' position following the parties' meet and confer is detailed below.

Plaintiffs stand by each of their discovery requests, which are intended to capture the types of materials that would normally be produced in an administrative record. Plaintiffs' requests are narrowly tailored to seek precisely the limited discovery the Court authorized in its September 18 order: facts relevant to Defendants' visa revocation and SEVIS termination policies. Discovery responsive to these requests will complete and supplement the meager administrative record provided by the Defendants and enable appropriate judicial review under the Administrative Procedure Act.

Defendants' generalized objections based on burden and privilege do not justify withholding responsive information. To the extent particular responsive materials are privileged, Defendants must identify those materials in a privilege log. Such claims do not preclude Defendants from responding to Plaintiffs' discovery requests.

Furthermore, this Court expressly recognized the implausibility of Defendants' claim that there are virtually no responsive, unprivileged documents relating to Defendants' visa revocations and SEVIS terminations.[1] Defendants cannot now avoid such discovery by hiding behind blanket objections and unsubstantiated burden claims. Plaintiffs therefore respectfully request that the Court order this limited discovery to proceed, so that this case, which has been pending for nearly 18 months, can be adjudicated and resolved.

Accompanying this Report, Plaintiffs are filing a proposed order.

[1] Order Granting Plaintiffs' Motion for Leave to Conduct Limited Discovery (Dkt. 92); *see also* Sept. 18, 2026, Hearing Tr. at 23:3-6 (acknowledging that "it is in the range of implausible to impossible that there would be no documents from Homeland Security and so few documents from State.").

Respectfully submitted,

/s/ *George P. Varghese*
George P. Varghese (MA BBO # 706861)
Jacob Tuttle Newman (MA BBO # 712110)
Asma Jaber (MA BBO # 707322)
Charlotte Mostertz (MA BBO# 712110)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
george.varghese@wilmerhale.com
jacob.tuttlenewman@wilmerhale.com
asma.jaber@wilmerhale.com
charlotte.mostertz@wilmerhale.com

Sirine Shebaya (D.C. Bar # 1019748)*
Khaled Alrabe (Cal. Bar # 349899)*
NATIONAL IMMIGRATION PROJECT
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009
Phone: (617) 227-9727
Fax: (617) 227-5495
sirine@nipnlg.org
khaled@nipnlg.org

Kerry E. Doyle (MA BBO #565648)
Stephen J. Antwine (Pa. Bar # 309379)*
GREEN & SPIEGEL, LLC
1524 Delancey Street, Floor 4
Philadelphia, PA 19102
Phone: (215) 395-8959
Fax: (215) 330-5311
kdoyle@gands-us.com
santwine@gands-us.co

*Counsel for Plaintiffs Presidents' Alliance on Higher Education and Immigration and Association of Independent Colleges and Universities in Massachusetts*

David Zimmer (MA BBO #692715)

Julia Solomon-Strauss (MA BBO #718481)*
ZIMMER, CITRON & CLARKE LLP
711 Atlantic Avenue, 6th Floor
Boston, MA 02111
Phone: (617) 676-9421
dzimmer@zimmercitronclarke.com
julia@zimmercitronclarke.com

*Counsel for Plaintiff Presidents' Alliance on Higher Education and Immigration*

**Motion for admission pro hac vice granted*

Date: October 2, 2026